UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ, | No.  2:15-cv-1997 MCE CKD PS (TEMP) |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA[1], et al, | ORDER TO SHOW CAUSE |
| Defendants. | |

This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court is plaintiff's complaint and request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Although plaintiff's in forma pauperis application appears complete, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.

In this regard, "'[a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First

---

[1] Although the caption of plaintiff's complaint lists the first named defendant as the "VETERANS ADMINISTRATION, a U.S. Government Agency," the body of plaintiff's complaint correctly identifies the defendant as the "United States of America."  (Compl. (Dkt. No. 1) at 1.)  In this regard, "the United States is the only proper party defendant in an FTCA action[.]"  Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998).

1

1  Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d
2  114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave
3  to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it
4  appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to
5  proceed in forma pauperis.").

6  Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of
7  poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to
8  state a claim on which relief may be granted, or seeks monetary relief against an immune
9  defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an
10 arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.
11 Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a
12 complaint as frivolous where it is based on an indisputably meritless legal theory or where the
13 factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

14 Here, plaintiff's complaint names as defendants Megan Pugh, a resident of Hawaii, and
15 her mother Amy Peters, a California resident.  (Compl. (Dkt. No. 1) at 4. )  According to
16 plaintiff's complaint, in July of 2009, defendant Pugh "negligently, recklessly, and unlawfully
17 caused" a motor vehicle accident which injured plaintiff and his daughter.  (Id. at 7.)  Pugh was
18 allegedly the "primary insured of Pugh's vehicle" at the time of the accident.  (Id. at 4.)  Plaintiff's
19 complaint seeks, in part, "declaratory judgment" with respect to the "injuries proximately caused
20 by trauma from Pugh's negligence causing" the accident in July of 2009.  (Id. at 18.)

21 However, under California law claims of negligence are generally subject to a two-year
22 statute of limitations.  See CAL. CIV. PROC. CODE § 335.1.  Here, Pugh's alleged negligence
23 occurred over six years prior to the commencement of this action.  See Crowley v. Peterson, 206
24 F.Supp.2d 1038 (C.D. Cal. 2002) (noting that when a plaintiff is injured as the result of an
25 accident, the statute of limitations on a personal injury claim begins to run when the accident
26 occurs)).

27 /////
28 /////

1	Accordingly, within twenty-one (21) days of the date of this order, plaintiff shall show cause in writing as to why plaintiff's causes of action against defendants Pugh and Peters are not barred by the applicable statute of limitations.[2]

IT IS SO ORDERED.

Dated:  April 1, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

BVD\gonzalez1997.osc.stat.lmt.

---

[2] Alternatively, plaintiff may comply with this order by filing a notice of voluntary dismissal as to defendants Pugh and Peters.