UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ, | No. 2:15-cv-1997 MCE CKD PS (TEMP) |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA[1], et al, | ORDER |
| Defendants. | |

This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court is plaintiff's complaint and request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The undersigned finds that plaintiff's in forma pauperis application makes the showing required by the statute.

However, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an

---

[1] Although the caption of plaintiff's complaint lists the first named defendant as the "VETERANS ADMINISTRATION, a U.S. Government Agency," the body of plaintiff's complaint correctly identifies the defendant as the "United States of America." (Compl. (Dkt. No. 1) at 1.) In this regard, "the United States is the only proper party defendant in an FTCA action[.]" Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998).

1  arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.
2  Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a
3  complaint as frivolous where it is based on an indisputably meritless legal theory or where the
4  factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

5       To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
6  state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
7  570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as
8  true the material allegations in the complaint and construes the allegations in the light most
9  favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
10 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
11 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by
12 lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true
13 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western
14 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

15      Plaintiff must assist the court in making this determination by drafting a complaint so that
16 it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the
17 case is filed in this court, rather than in a state court), as well as a short and plain statement
18 showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way).
19 Plaintiff's claims must be set forth simply, concisely and directly. See "Rule 8" of the Federal
20 Rules of Civil Procedure (Fed. R. Civ. P. 8). The Federal Rules of Civil Procedure are available
21 online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-
22 procedure. Forms are also available to help pro se plaintiffs organize their complaint in the
23 proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor, Sacramento, CA
24 95814, or online at www.uscourts.gov/forms/pro-se-forms.

25      Here, plaintiff's complaint alleges that on July 22, 2009, plaintiff was rear-ended by a
26 vehicle driven by Megan Pugh, a resident of Hawaii. Plaintiff's complaint seeks a declaratory
27 judgment against Pugh and California resident Amy Peters, the mother of Megan Pugh and the
28 primary insured of the vehicle that struck plaintiff, as to liability for the July 22, 2009 automobile

1  collision. The complaint also seeks declaratory judgment against plaintiff's automobile insurance
2  company, California State Automobile Association, ("CSAA"), establishing that plaintiff was
3  insured by CSAA at the time of the accident. Finally, the complaint alleges that plaintiff received
4  negligent medical care at the Mather Veterans Affairs Medical Center.

5  Federal district courts have original jurisdiction over all civil actions either "arising under
6  the Constitution, laws, or treaties of the United States" or where complete diversity of citizenship
7  exists and the matter in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Based on the
8  allegations found in the complaint, the undersigned finds that the complaint states cognizable
9  claim for negligence against the United States based on allegations that plaintiff received
10 negligent medical care. See Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011) ("The
11 FTCA waives the sovereign immunity of the United States for actions in tort and vests the federal
12 district courts with exclusive jurisdiction over suits arising from the negligence of [United States]
13 employees.").[2]

14 However, the court does not have original jurisdiction over plaintiff's claims against
15 defendants Pugh, Peters and CSAA regarding the July 22, 2009 motor vehicle accident, since
16 those claims arise under state law, and there is a lack of complete diversity between the parties.
17 28 U.S.C. § 1367 grants supplemental jurisdiction over state law claims "that are so related to
18 claims in the action within such original jurisdiction that they form part of the same case or
19 controversy under Article III of the United States Constitution." "Nonfederal claims are part of
20 the same 'case' as federal claims when they 'derive from a common nucleus of operative fact'
21 and are such that a plaintiff 'would ordinarily be expected to try them in one judicial
22 proceeding.'" Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley
23 Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003) (quoting Finley v. United States,
24 490 U.S. 545, 549 (1989)).

25 Here, the complaint's claims against Pugh, Peters and CSAA do not share a common
26 nucleus of operative fact with the complaint's negligence claim against the United States for

---

[2] Plaintiff's complaint alleges that he has complied with the applicable provisions of the Federal Tort Claims Act ("FTCA").

3

negligent medical care.  In this regard, the complaint's claim for negligent medical care arose, if at all, after the July 22, 2009 accident with Peters.  Moreover, Pugh, Peters and CSAA played no role in plaintiff's medical care.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff may proceed now to serve the United States of America, as set forth below, and pursue his claims against only that defendant.  Alternatively, he may delay serving the United States of America, and attempt to state a cognizable claim against defendants Pugh, Peters and CSAA over which this court would have jurisdiction.

3. **If plaintiff elects to amend his complaint to state a cognizable claim against defendants Pugh, Peters and CSAA, he has thirty days so to do**, and he may skip the following service instructions (Nos. 4-10).  Plaintiff is not obligated to amend his complaint.  However, if he does so, the amended complaint will also be subject to screening.

4. **If plaintiff elects to proceed now against the United States of America alone**, then within thirty days, plaintiff must return the materials for service of process that are enclosed with this order, as described below.  In this event the court will construe plaintiff's election as consent to the dismissal of all claims against defendants Pugh, Peters and CSAA, without prejudice.

5. Service is appropriate for the following defendant: the United States of America.

6. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

7. The Clerk of the Court shall send plaintiff, for each defendant in paragraph number 5, above: one USM-285, one summons, a copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.

8. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall file a statement with the court that said documents have been submitted to the United States Marshal</u>.

1  The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in
2  paragraph number 5, above, at least:
3        a. One completed summons;
4        b. One completed USM-285 form;
5        c. One copy of the endorsed filed complaint, with an extra copy for the U.S.
6  Marshal; and
7        d. One copy of the instant order.
8     9. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on
9  the United States of America within 90 days from the date of this order, the Marshal is directed to
10  report that fact, and the reasons for it, to the undersigned.
11     10. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal,
12  501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.
13     11. Failure to comply with this order may result in a recommendation that this action be
14  dismissed.
15  Dated:  May 20, 2016

                                                         CAROLYN K. DELANEY
                                                         UNITED STATES MAGISTRATE JUDGE