UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA[1], et al.,<br><br>Defendants. | No.  2:15-cv-1997 MCE DB PS<br><br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On May 23, 2016, plaintiff was granted leave to proceed in forma pauperis and to file an amended complaint.  (ECF No. 6.)  Pending before the court is plaintiff's amended complaint filed July 29, 2016.

Plaintiff's amended complaint alleges that on July 22, 2009, plaintiff "incurred head, back, and shoulder injuries . . . from a rear-ender auto accident."  (Am. Compl. (ECF No. 11) at 1.)  From that time until March of 2013, plaintiff received medical care "at the Veterans Administration Hospital in Sacramento, California."  (<u>Id.</u>)  According to the allegations found in

---

[1] Although the caption of plaintiff's amended complaint lists the first named defendant as the "VETERANS ADMINISTRATION OF THE UNITED STATES OF AMERICA," the body of the amended complaint correctly identifies the defendant as the "United States." (Am. Compl. (ECF No. 11) at 5.)  In this regard, "the United States is the only proper party defendant in an FTCA action[.]"  <u>Kennedy v. U.S. Postal Service</u>, 145 F.3d 1077, 1078 (9th Cir. 1998).

the amended complaint, medical professionals at the Veterans Administration Hospital, "negligently and inadvertently misdiagnosed and delayed" plaintiff's treatment, harming plaintiff. (Id. at 2.) "Complicating matters . . . the driver who rear-ended Plaintiff's vehicle has denied negligence . . . which interfered with Plaintiff's right to timely underinsured auto policy benefits from his insurer." (Id.) Without those auto policy benefits, "the United States avoided corrective should surgery by substituting excess amounts of medications . . . leaving Plaintiff permanently blind since 2014." (Id.)

Federal district courts have "'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" Armstrong v. Northern Mariana Islands, 576 F.3d 950, 954 (9th Cir. 2009) (quoting 28 U.S.C. § 1331). Based on the allegations found in the amended complaint, the undersigned finds that the amended complaint states a cognizable claim for negligence against the United States based on allegations that plaintiff received negligent medical care. See Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011) ("The FTCA waives the sovereign immunity of the United States for actions in tort and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of [United States] employees.").[2]

The amended complaint also alleges state law causes of action against Megan Pugh, the party allegedly responsible for the July 22, 2009 automobile accident, and the California State Automobile Association, ("CSAA"), a California corporation and a provider of insurance. In this regard, the amended complaint alleges that defendant Pugh was negligent in causing the vehicle accident and engaged in "fraud" and "misrepresentations" by inducing plaintiff not to call the police to report the accident, denying having been under the influence of marijuana prior to the accident, and falsely claiming "the accident happened at '4:00 p.m.' as an attempt to escape liability . . . ." (Am. Compl. (ECF No. 11) at 12.) The amended complaint also alleges that CSAA committed breach of contract by ignoring plaintiff's reports of Pugh's marijuana use, "favoring Pugh solely," and refusing to "reasonably settle Plaintiff's damage claims within policy

---

[2]  Plaintiff's amended complaint alleges that he has complied with the applicable provisions of the Federal Tort Claims Act ("FTCA"). (Am. Compl. (ECF No. 11) at 3.)

limits . . . ." (Id. at 18.)

28 U.S.C. § 1367 grants district courts supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "Nonfederal claims are part of the same 'case' as federal claims when they 'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003) (quoting Finley v. United States, 490 U.S. 545, 549 (1989); cf. Lyon v. Whisman, 45 F.3d 758, 761 (3rd Cir. 1995) ("we have refused to exercise supplemental jurisdiction over state claims totally unrelated to a cause of action under federal law").

Here, the nonfederal claims concern different alleged wrongs, are asserted against different defendants, involve different evidence, and different witnesses than the federal claim. Stated simply, Pugh and CSAA played no role in the medical care the United States provided to plaintiff. Nor did the United States play any role in the vehicle accident between plaintiff and Pugh or in the resulting insurance dispute between plaintiff and CSAA. In this regard, the undersigned finds that the amended complaint's nonfederal claims do not derive from a common nucleus of operative facts as the federal claim.[3] See Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 456 (11th Cir. 1996) (finding there was not "a sufficient nexus between the federal and state causes to support supplemental jurisdiction"); Soliday v. Miami County, Ohio, 55 F.3d 1158, 1165 (6th Cir. 1995) ("Plaintiff's remaining claims accuse Miami County and two of its employees at the jail of being deliberately indifferent to Perkins' serious medical needs.

---

[3] The undersigned has considered whether plaintiff should be granted further leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the fact that plaintiff has already been provided leave to amend, and the nature of plaintiff's claims, the undersigned finds that granting further leave to amend these claims would be futile.

Plaintiff's state law claim against Meeker deals with various statutory provisions regarding the duties of coroners. The District Court did not abuse its discretion in refusing to hear that claim."); Lyon, 45 F.3d at 763 ("In these circumstances it is clear that there is so little overlap between the evidence relevant to the FLSA and state claims, that there is no 'common nucleus of operative fact' justifying supplemental jurisdiction over the state law claims."); Zepher v. Kaiser Foundation Hosp., No. 2:14-cv-2540 JAM EFB, 2015 WL 3442535, at *6 (E.D. Cal. May 27, 2015) ("the connection between Plaintiff's employment-based claims and her medical negligence claim is far too attenuated to support the exercise of supplemental jurisdiction"); Alcatel Lucent USA, Inc. v. Dugdale Communications, Inc., No. CV 09-2140 PSG (JCx), 2010 WL 883831, at *6 (C.D. Cal. Mar. 5, 2010) ("litigation of Genesys' claims would involve an examination of a distinct set of facts from those involved in Alcatel's claims-the adequacy of Genesys' performance pursuant to the subject transaction and Defendant's alleged non-performance pursuant to the invoices"); Valles v. Pima County, 642 F.Supp.2d 936, 945 (D. Ariz. 2009) ("This is not a case in which a plaintiff has alleged both a federal and a state law claim against a defendant whose singular conduct violated the laws of both jurisdictions. Nor is this a case in which numerous defendants are alleged to have worked in concert to commit acts which caused indivisible harm, proof of which establishes liability under both federal and state law."

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Within thirty days, plaintiff must return the materials for service of process that are enclosed with this order, as described below.

2. Service is appropriate for the following defendant: the United States of America.

3. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

4. The Clerk of the Court shall send plaintiff one USM-285, one summons, a copy of the amended complaint, and an appropriate form for consent to trial by a magistrate judge.

5. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order

is filed, all information needed by the Marshal to effect service of process, <u>and shall file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require at least:

    a. One completed summons;

    b. One completed USM-285 form;

    c. One copy of the endorsed filed amended complaint, with an extra copy for the U.S. Marshal; and

    d. One copy of the instant order.

6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on the United States of America within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

8. Failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS ALSO HEREBY RECOMMENDED that:

1. The court decline to exercise supplemental jurisdiction over the amended complaint's state law causes of action; and

2. The amended complaint's state law causes of action be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

////

////

////

////

Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 17, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/gonzalez1997.part.serve.f&rs