1

2

3

4

5

6

7

8             UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL E. GONZALEZ,                    No.  2:15-cv-1997 MCE DB PS

12             Plaintiff,

13        v.                                ORDER

14   UNITED STATES OF AMERICA, et al.,

15             Defendants.

16

17        Plaintiff is proceeding pro se with the above-entitled action.  The matter was referred to a

18   United States Magistrate Judge pursuant to Local Rule 302(c)(21).

19        On November 18, 2016, the magistrate judge filed findings and recommendations herein

20   which were served on plaintiff and which contained notice to plaintiff that any objections to the

21   findings and recommendations were to be filed within fourteen days after service of the findings

22   and recommendations.  Plaintiff has filed objection to the findings and recommendations.

23        The court has reviewed the file and finds the findings and recommendations to be

24   supported by the record and by the magistrate judge's analysis.

25        Accordingly, IT IS HEREBY ORDERED that:

26        1.  The findings and recommendations filed November 18, 2016 (ECF No. 11) are adopted

27   in full;

28   ////

1

1      2.  The court declines to exercise supplemental jurisdiction[1] over the amended complaint's

2  state law[2] causes of action; and

3      3.  The amended complaint's state law causes of action are dismissed without prejudice.

4      IT IS SO ORDERED.

5

6  Dated:  January 5, 2017

7

8  MORRISON C. ENGLAND, JR
    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

---

[1] According to the operative First Amended Complaint, Plaintiff alleges the claims against the non-governmental parties, Defendants Pugh and CSAA, belong in this lawsuit as pendent and ancillary claims as to which the Court can exercise its supplemental jurisdiction under 28 U.S.C. § 1367 since those claims share the same "common nucleus of operative fact" as the claim against the United States.  Here, however, as the magistrate judge correctly points out, the claims against Pugh and CSAA involve different defendants, different evidence and different witnesses than the medical malpractice claim levied against the government.  CSAA and Pugh played no role in the medical care the United States provided to plaintiff, and consequently any claims against them cannot be pursued in Plaintiff's lawsuit against the United States.

[2] Plaintiff cannot successfully argue that she has identified a federal claim grounded on diversity of citizenship since, even if Defendant Pugh is a Hawaii resident, the face of Plaintiff's First Amended Complaint shows that Defendant CSAA is a California corporation whose presence in this lawsuit  destroys the complete diversity needed to allege diversity jurisdiction.

2