PHILLIP A. TALBERT
United States Attorney
GREGORY T. BRODERICK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA et al.,<br><br>    Defendants. | No. 2:15-cv-1997-MCE-DB-PS<br><br>**ANSWER** |

Plaintiff's first two, unnumbered paragraphs consist of a general description of his claims, to which no response is required.  To the extent a response is required, the United States denies any negligence towards Plaintiff by its employees or agents.  To the extent a further response is required, the United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

### JURISDICTION AND VENUE

1. This paragraph consists entirely of legal conclusions to which no response is required.

2. This paragraph consists entirely of legal conclusions to which no response is required.

3. This paragraph consists entirely of legal conclusions to which no response is required. To the extent a further response is required, the United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

### ADMINISTRATIVE PROCEEDINGS

4. The first sentence of this paragraph consists entirely of legal conclusions to which no

response is required.  As to the balance of this paragraph, the United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

5. This paragraph consists entirely of legal conclusions to which no response is required. To the extent a further response is required, the United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

**PARTIES**

6. The United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

7. This paragraph consists entirely of legal conclusions to which no response is required. To the extent a further response is required, the United States is the only proper defendant to this action. (*See* Screening Order, Dkt. No. 17, at 1 n.1) ("In this regard, 'the United States is the only proper party defendant in an FTCA action[.]' *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998).") The United States denies any allegations of negligence by its employees.  To the extent a further response is required, deny.

8. The United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

9. The United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

10. The United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

11. The United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

12. The United States denies that it is the agent of any other party or that any other party is its agent.  To the extent a further response is required, the United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

13. The United States is the only proper defendant to this action.  (*See* Screening Order, Dkt. No. 17, at 1 n.1) ("In this regard, 'the United States is the only proper party defendant in an FTCA action[.]' *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998).")  The United States

denies any allegations of negligence by its employees.  To the extent a further response is required, deny.

14. This paragraph consists entirely of legal conclusions to which no response is required. To the extent a further response is required, the United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

## FIRST CAUSE OF ACTION – MEDICAL NEGLIGENCE
## AGAINST DEFENDANT UNITED STATES

15. The United States incorporates its above responses to the incorporated paragraphs.

16. The United States is the only proper defendant in an FTCA action.  Further, the United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

17. The United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

18. The United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

19. The United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

20. The United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

21. Deny

22. The United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

23. The United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

24. The United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

25. The United States lacks sufficient information and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

26. The United States lacks sufficient information and/or belief to respond to this paragraph,

1 and on that basis denies the allegations contained therein.

2     27. The United States denies that Dr. Lee made the statements ascribed to her in this
3 paragraph.  To the extent a further response is required, the United States lacks sufficient information
4 and/or belief to respond to this paragraph, and on that basis denies the allegations contained therein.

5     28. The United States lacks sufficient information and/or belief to respond to this paragraph,
6 and on that basis denies the allegations contained therein.

7     29. The United States lacks sufficient information and/or belief to respond to this paragraph,
8 and on that basis denies the allegations contained therein.

9     30. The United States lacks sufficient information and/or belief to respond to this paragraph,
10 and on that basis denies the allegations contained therein.

11     31. The United States lacks sufficient information and/or belief to respond to this paragraph,
12 and on that basis denies the allegations contained therein.

13     32. The United States lacks sufficient information and/or belief to respond to this paragraph,
14 and on that basis denies the allegations contained therein.

15     33. The United States lacks sufficient information and/or belief to respond to this paragraph,
16 and on that basis denies the allegations contained therein.

17     34. The United States lacks sufficient information and/or belief to respond to this paragraph,
18 and on that basis denies the allegations contained therein.

19     35. Deny.

20     36. Deny.

21     37. Deny.

22     38-86. These allegations are directed wholly at other parties, and thus no response is required.
23 To the extent a further response is required, the United States lacks sufficient information and/or belief
24 to respond to this paragraph, and on that basis denies the allegations contained therein.

25     **PRAYER FOR RELIEF**

26     The remainder of Plaintiff's complaint consists of a prayer for relief, to which no response is required.
27 To the extent a response is required, the United States denies each and every allegation in the prayer for relief,
28 and each and every allegation contained in Plaintiff's Complaint not specifically admitted hereinabove.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim or facts upon which relief can be granted.

2. Defendant denies any breach of any standard of care due to the Plaintiff, and affirmatively states that the United States, through its agencies, departments and employees, exercised due care and diligence in all matters which are relevant to the subject matter of the Complaint.

3. Any injury to Plaintiff, and any loss or other damage to Plaintiff, which Defendant at all times denies, was not proximately caused by any negligent or otherwise wrongful act or omission of any employee or agent of the United States.

4. If Plaintiff sustained any damage or loss, which Defendant at all times denies, the same were proximately caused by Plaintiff's own negligent or otherwise wrongful conduct, and are therefore barred or offset in whole or in part.

5. If Plaintiff sustained any damage or loss, which Defendant at all times denies, the same were proximately caused by the negligent or otherwise wrongful conduct of third persons, and are therefore barred or offset in whole or in part.

6. If any damages were sustained or incurred by Plaintiff, which Defendant at all times denies, the same were caused or contributed to by the intervening or superseding acts or omissions of persons or parties other than Defendant over whom Defendant had no control or right to control.

7. If any damages were sustained or incurred by Plaintiff, which Defendant at all times denies, the same were caused or contributed to by Plaintiff's own negligent or otherwise wrongful conduct in the following respects: failure to keep a proper lookout, failing to act with that degree of care which a reasonably prudent person would have exercised for his own safety under the same or similar circumstances, riding too fast for conditions

8. Any recovery or other award made against the United States herein must be reduced by the percentage of fault of the Plaintiff and/or third parties, and any recovery or other award made against the United States herein must be limited to the percentage of fault, if any, of the United States.

9. Plaintiff's recovery, if any, is limited to the amount set forth in the administrative claim under the Federal Tort Claims Act, 29 U.S.C. § 2675(b).

10. Some or all of Plaintiff's claims are barred, in whole or in part, by 28 U.S.C. § 2680.

11. Plaintiff's claims are barred in whole or in part by their failure to exhaust administrative remedies.

12. If Plaintiff sustained any damage or loss, which Defendant at all times denies, the same was caused or contributed to by Plaintiff's failure to mitigate.

13. Plaintiff gave informed consent to the procedure, the outcome of which was a known risk.

14. All medical personnel involved in this matter conformed to established practice guidelines.

15. Plaintiff refused the medical treatment recommendations of their doctors.

16. Plaintiff disregarded post-operative and other treatment instructions.

17. Plaintiff refused to disclose his true medical condition in advance of the procedure(s) at issue.

18. All employees of the United States who participated in the examination, diagnosis, treatment and/or care of Plaintiff at all times complied with and acted consistently with all applicable standards of care.

19. If any recovery or other award is made against the United States it must be offset by the amount of any non-collateral source benefits that Plaintiff has heretofore received or will receive in the future from the United States, or from any state or local agency that receives funds from the United States such as Social Security, Medicare, MediCal and TriCare benefits.

20. Plaintiff's claims are subject to the limitations contained in any and all federal and/or state laws that may govern this action.

21. Plaintiff's claims are barred by the statute of limitations.

22. If any recovery or other award is made against the United States herein, Defendant may elect to introduce evidence of any amounts payable as a benefit to Plaintiff, and Defendant is entitled to a credit for any payments that were made to Plaintiff from any source. California Civil Code § 3333.1.

23. Plaintiff's recovery for non-economic damages is limited by California law to $250,000.00. California Civil Code § 3333.2.

24. California Civil Code § 3333.4 precludes some or all of the damages Plaintiff seeks here.

25. Under California law, if Defendant is found to be liable to Plaintiff, Defendant may elect to have future damages, if any, in excess of the amount specified in California Code of Civil Procedure § 667.7, paid in whole or in part as specified therein.

26. If any damages were sustained or incurred by Plaintiff, which Defendant at all times denies, the same were caused or contributed to by the intervening or superseding acts or omissions of persons or parties other than Defendant over whom Defendant had no control or right to control.

27. Plaintiff's recovery, if any, is limited to the availability of appropriated funds. 42 U.S.C. § 233(k).

28. Plaintiff is only entitled to such interest as is allowable against the United States by law.

29. If any recovery or other award is made against the United States herein, all future damages, if any, must be reduced to present value.

30. If any recovery or other award is made against the United States herein, income taxes must be deducted from all alleged past and future lost earnings, if any.

31. Plaintiff assumed the risk of the occurrence set forth in the Complaint, and is therefore barred from recovery.

32. Plaintiff understood the existence and character of the danger alleged in the Complaint before voluntarily exposing himself to it.

33. The damages Plaintiff claims were caused or made worse by an event that occurred after the accident alleged in the Complaint.

34. Plaintiff's claim is barred because he cannot join indispensable parties.

35. Plaintiff is not entitled to a jury trial under 28 U.S.C. § 2402.

36. Plaintiff is estopped from asserting, and/or has waived all claims, herein.

37. Plaintiff's claims are barred by the doctrine of laches.

38. Plaintiff's claims are barred by the doctrines of unclean hands and/or estoppel.

39. Plaintiff failed to comply with all prerequisites to suit.

Defendant reserves the right to assert additional affirmative defenses that may be determined by the discovery process.

WHEREFORE, Defendant United States prays that Plaintiff take nothing against Defendant, that

judgment be entered in its favor, that it be dismissed with its costs herein incurred, and for such other and further relief as the Court deems just and proper.

DATED: February 3, 2017                                      PHILLIP A. TALBERT
                                                             United States Attorney

                                                    By:      */s/ Gregory T. Broderick*
                                                             GREGORY T. BRODERICK
                                                             Assistant United States Attorney

Answer; *Gonzales v. United States*; 2:15-cv-1997-MCE-DB-PS

8

CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion as to be competent to serve papers.

That on February 3, 2017, she served a copy of

UNITED STATES' ANSWER

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) listed below, which is/are the last known address(es), and by depositing said envelope in the United States mail at Sacramento, California.

**ADDRESSES**:

Daniel Gonzalez
7125 Calvin Drive
Citrus Heights, CA 95621

*/s/ Kayla Geottman*
KAYLA GEOTTMAN

CERTIFICATE OF SERVICE BY MAIL        1