UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No. 2:15-cv-1997 MCE DB PS<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

This action came before the court on June 23, 2017, for hearing of plaintiff's motion to stay this action.[1] (ECF No. 24.) Plaintiff Daniel Gonzalez appeared on his own behalf. Attorney Philip Scarborough appeared on behalf of the defendant.

Plaintiff's amended complaint alleges that on July 22, 2009, plaintiff "incurred head, back, and shoulder injuries . . . from a rear-ender auto accident." (Am. Compl. (ECF No. 11) at 1.[2]) From that time until March of 2013, plaintiff received medical care "at the Veterans Administration Hospital in Sacramento, California." (<u>Id.</u>) According to the allegations found in the amended complaint, medical professionals at the Veterans Administration Hospital, "negligently and inadvertently misdiagnosed and delayed" plaintiff's treatment, harming plaintiff.

---

[1] Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1

(Id. at 2.) "Complicating matters . . . the driver who rear-ended Plaintiff's vehicle has denied negligence . . . which interfered with Plaintiff's right to timely underinsured auto policy benefits from his insurer." (Id.) Without those auto policy benefits, "the United States avoided corrective shoulder surgery by substituting excess amounts of medications . . . leaving Plaintiff permanently blind since 2014." (Id.)

On November 18, 2016, the undersigned issued an order and findings and recommendations, ordering service on defendant United States based on the amended complaint's allegations of negligent medical care and recommending that the court decline to exercise jurisdiction over the amended complaint's state law causes of action. (ECF No. 17.) Those findings and recommendations were adopted in full by the assigned District Judge on January 6, 2017. (ECF No. 20.)

**I.    Motion to Stay**

Plaintiff's motion for a stay "seeks a stay . . . to permit exhaustion of all his state court questions and remedies to its highest court, the California Supreme Court." (Pl.'s Mot. (ECF No. 24) at 4.) Plaintiff's motion also argues that a stay would avoid duplicative discovery and litigation costs, and aid plaintiff's efforts in obtaining counsel. (Id. at 4-6.)

"The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 707 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). "The proponent of the stay bears the burden of establishing its need." Id. at 706. When considering a motion to stay, the district court should consider:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55).

Here, granting a stay would result in the unnecessary delay of this action, to the benefit of neither party. Moreover, this action is proceeding on a negligence claim pursuant to the Federal Tort Claims Act ("FTCA"). The FTCA "waives the sovereign immunity of the United States for

actions in tort" and "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992); see also Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011) ("The FTCA waives the sovereign immunity of the United States for actions in tort and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of [United States] employees.").

"[T]he Ninth Circuit has held that when a case involves exclusive questions of federal law, courts lack any discretion to issue a stay in deference to a parallel state court action." Schulein v. Petroleum Development Corp., SACV 11-1891 AG (ANx), 2012 WL 12884851, at *8 (C.D. Cal. June 25, 2012); see also Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 913 n. 7 (9th Cir. 1993) ("the circuit courts, and the Ninth Circuit in particular, have uniformly held that a district court may not grant a stay in [cases involving claims subject to exclusive federal jurisdiction]"); Silberkleit v. Kantrowitz, 713 F.2d 433, 435-36 (1983) (finding that a "district court has no discretion to stay proceedings as to claims within exclusive federal jurisdiction under the [Colorado River] wise judicial administration exception"); Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820, 833 (9th Cir. 1963) ("It would seem to us to be unthinkable that a federal court having exclusive jurisdiction of a treble damage antitrust suit would tie its own hands by a stay of this kind in order to permit a judge of a state court, without a jury, to make a determination which would rob the federal court of full power to determine all of the fact issues before it."); Krieger v. Atheros Comms., Inc., 776 F. Supp. 2d 1053, 1058 (N.D. Cal. 2011) (refusing to stay claims under the Exchange Act pending state proceedings because "district courts lack discretion to stay proceedings as to claims within exclusive federal jurisdiction.")).

Accordingly, plaintiff's motion for a stay will be denied.[3]

////

---

[3] See S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013) ("The magistrate judge's denial of Dvorak's motion to stay the civil proceedings did not dispose of any claims or defenses and did not effectively deny him any ultimate relief sought. Therefore Dvorak's motion to stay was nondispositive, and we conclude that the magistrate judge had authority to determine Dvorak's motion to stay under § 636(b)(1)(A).").

**II.     Certificate of Appealability**

In the alternative, plaintiff's motion requests a "Certificate of Appealability," (Pl.'s Mot. (ECF No. 24) at 6), which plaintiff has clarified as a request for an order for an interlocutory appeal. (Pl.'s Reply (ECF No. 34) at 6-7.) Plaintiff argues that the denial of his request for a stay "would involve a controlling matter of law as to which there is substantial ground for difference of opinion," and that an immediate appeal would "advance the ultimate termination of the litigation." (Id. at 7.)

28 U.S.C. § 1292(b) provides, in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

See also In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982) ("These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation."). Interlocutory appeals should be granted "only in extraordinary cases," and not "merely to provide review of difficult rulings in hard cases." U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966); see also James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) (noting that certification is appropriate only in "rare circumstances"). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James, 283 F.3d at 1068 n.6.

Here, plaintiff has failed to provide any support for his argument. Moreover, the undersigned finds that there is not a controlling question of law as to which there is substantial ground for difference of opinion with respect to the denial of plaintiff's motion for a stay. Nor would an immediate appeal from that order materially advance the ultimate termination of this litigation. Accordingly, the undersigned recommends that plaintiff's request for an order for interlocutory appeal be denied.

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's April 3, 2017 motion for a stay (ECF No. 24) is denied.

IT IS ALSO HEREBY RECOMMENDED that plaintiff request for an order for interlocutory appeal be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 27, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/gonzalez1997.oah.062317

5