UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No. 2:15-cv-1997 MCE DB PS<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On September 5, 2017, plaintiff filed a motion seeking "a declaratory judicial determination of his rights to proceed with amending his claims and to conduct discovery . . . ." (ECF No. 39 at 4.) With respect to amending a complaint, pursuant to Rule 15, a plaintiff may amend his complaint once as a matter of course within twenty-one days after serving it or twenty-one days after service of a responsive pleading or motion pursuant to Rule 12(b). See Fed. R. Civ. P. 15. In all other cases, a plaintiff may amend his complaint with defendant's written consent or the court's leave. Id.

"Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when

1

justice so requires."). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

Here, plaintiff is proceeding on an amended complaint and must obtain defendant's consent or leave of court to file a second amended complaint. A motion for leave to amend would need to comply with Local Rule 230 and should be noticed on the undersigned's law and motion calendar.

With respect to conducting discovery, on June 28, 2017, the undersigned issued a Status (Pretrial Scheduling) Order. (ECF No. 37.) Pursuant to that order, the parties' discovery shall be completed by March 2, 2018. (Id. at 2.) Should a discovery dispute arise that the parties cannot resolve, plaintiff should consult Local Rule 251 concerning discovery disputes. Plaintiff is advised that the undersigned strictly enforces meet and confer requirements.

Accordingly, IT IS HEREBY ORDERED that plaintiff's September 5, 2017 motion (ECF No. 39) is denied without prejudice to renewal.

Dated: September 15, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/gonzalez1997.mtc.ord