UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ, | No. 2:15-cv-1997 MCE DB PS |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

This action came before the court on June 7, 2018, for hearing of defendant's motion for summary judgment.[1] (ECF No. 65.) Plaintiff Daniel Gonzalez appeared on his own behalf. Attorney Gregory Broderick appeared on behalf of the defendant. Upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and below, the undersigned construes plaintiff's pleadings and arguments as a request to amend the scheduling order and finds good cause to amend the schedule in this action.

In this regard, defendant's motion for summary judgment concerns plaintiff's failure to make a timely and sufficient disclosure of expert witnesses as required by Federal Rule of Civil Procedure 26. (ECF No. 49-1 at 2-5.) "Under Rule 26(a)(2)(B), the disclosure of expert testimony must be accompanied by a written report prepared and signed by the expert witness 'if

---

[1] Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.'" Tokai Corp. v. Easton Enterprises, Inc., 632 F.3d 1358, 1364-65 (Fed. Cir. 2011) (quoting Fed. R. Civ. P. 26(a)(2)(B)).

A report for a specially retained expert must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

(Fed. R. Civ. P. 26(a)(2)(B)). Moreover, an unretained expert report must disclose "the subject matter on which the witness is expected to present evidence . . . and a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(A).

Here, plaintiff's disclosure failed to fully comply with Rule 26. It is apparent, however, that plaintiff has been diligent in attempting to comply with the court's deadlines and the Federal Rules of Civil Procedure, despite the challenges of proceeding pro se and dealing with health issues. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). Plaintiff's pleadings and arguments established a good faith attempt to comply with the applicable law and orders of this court, as well as the possibility that plaintiff will be able to fully comply if given additional time.

In reaching this decision the undersigned would like to specifically address two arguments raised by defendant at the June 7, 2018 hearing. First, defendant argued that amending the schedule set in this action would prejudice defendant. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a

motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609.

In this regard, defendant argued that an extension of the scheduling order would result in the additional expenditure of time and money, and require that the defendant doctors remain "under the cloud" of this litigation.[2] That defendant would be required to expend additional time and money as the result of an extension of the scheduling order would not rise to the level of legal prejudice. See Westlands Water District v. United States, 100 F.3d 94, 96 (9th Cir. 1996) (legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument"). Moreover, "prejudice requires greater harm than simply that relief would delay resolution of the case." Lemoge v. U.S., 587 F.3d 1188, 1196 (9th Cir. 2009) (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001) ("[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment.")).

At the June 7, 2018 hearing, defendant also argued that the undersigned could only modify the schedule in this action through findings and recommendations submitted to the assigned District Judge. In this regard, defendant argued that the assigned District Judge had issued the schedule in this action. In support of this argument, defendant cited UMG Recordings, Inc. v. Disco Azteca Distributors, Inc., No. CIV. S-04-2611 FCD DAD, 2006 WL 2034689 (E.D. Cal. July 18, 2006), for the proposition that "the magistrate judge is not empowered to modify the district judge's scheduling order." Id. at *3.

UMG, however, was a civil action referred to the magistrate judge pursuant to Local Rule 302(c)(1). Local Rule 302(c)(1), provides that in a civil action discovery motions are referred to the assigned magistrate judge. In this regard, in UMG, the magistrate judge could only rule on the pending discovery motion. This action is before the undersigned pursuant to Local Rule 302(c)(21), which refers to the assigned magistrate judge pro se actions "including dispositive and non-dispositive motions and matters." The scheduling of this action is a non-dispositive matter.

---

[2] Defendant's counsel was unable to articulate any specific or general manifestation of prejudice suffered by the defendant doctors that would result from modification of the schedule.

Pursuant to Local Rule 302(c)(21), the undersigned issued the initial scheduling order in this action. (ECF No. 37.) On October 31, 2017, the assigned District Judge did issue a supplemental scheduling order adjusting the dates for the final pretrial conference and trial before the assigned District Judge. (ECF No. 43.) And on January 29, 2018, the assigned District Judge adopted the parties' stipulated modification of the scheduling order. (ECF No. 48.)

It is certainly within the purview and authority of the assigned District Judge to adopt the parties' stipulations or alter the deadlines set in this action. That is especially true with respect to the dates set for matters before the assigned District Judge. That the assigned District Judge did so, however, does not mean that it was the intention of the assigned District Judge to henceforth determine the scheduling of this case or withdraw the reference to the undersigned pursuant to Local Rule 302(c)(21).

## CONCLUSION

Accordingly, upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to modify the schedule in this action is granted;

2. Defendant's April 5, 2018 motion for summary judgment (ECF No. 49) is denied without prejudice to renewal as having been rendered moot;

3. Plaintiff's May 22, 2018 motion to strike defendant's reply (ECF No. 61) is denied as having been rendered moot;

4. Plaintiff's May 22, 2018 amended motion to deem experts timely (ECF No. 62) is denied as having been rendered moot;

5. The July 20, 2018 hearing of plaintiff's amended motion to deem experts timely is vacated;

6. Plaintiff shall disclose experts no later than **August 17, 2018**;

7. Defendant shall disclose experts no later **September 7, 2018**;

8. Rebuttal experts shall be disclosed no later than **September 21, 2018**;

9. Discovery shall be completed by **October 19, 2018**;

10. All pretrial motions, except motions to compel discovery, shall be completed by **December 7, 2018**; and

11. The parties shall file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving ruling on the last dispositive motion.

Dated: June 15, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/gonzalez1997.oah.060718