UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No. 2:15-cv-1997 MCE DB PS<br><br><br><br>ORDER |

Plaintiff, Daniel Gonzalez, is proceeding pro se and in forma pauperis. (ECF No. 6.) This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff's amended complaint alleges that medical professionals at the Veterans Administration Hospital, "negligently and inadvertently misdiagnosed and delayed" plaintiff's medical treatment causing plaintiff harm. (Am. Compl. (ECF No. 11) at 2.)

On September 7, 2018, defendant filed a motion to compel the deposition of plaintiff's expert witness, Dr. Craig Bash. (ECF No. 71.) The motion is noticed for hearing before the undersigned on October 5, 2018.[1] On September 21, 2018, plaintiff filed an opposition. (ECF

////

---

[1] Pursuant to Local Rule 230(g), the undersigned finds that defendant's motion may be decided without oral argument.

No. 73.) And on September 28, 2018, the parties filed a purported joint statement.[2] (ECF No. 75.) Plaintiff's opposition argues that defendant's motion "is designed to create a prejudice in forcing Dr. Bash to testify without the benefit of having the testimony of Dr. Hu, a treating orthopedic surgeon, to rely upon." (ECF No. 73 at 6.)

However, pursuant to Rule 30 of the Federal Rules of Civil Procedure, subject to certain exceptions, "a party may, by oral questions, depose any person . . . without leave of court[.]" Fed. R. Civ. P. 30(a)(1). And "'[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial.'" FMC Corp. v. Vendo Co., 196 F.Supp.2d 1023, 1043 (E.D. Cal. 2002) (quoting Fed. R. Civ. P. 26(b)(4)(A)); see also Bio-Rad Laboratories, Inc. v. Pharmacia, Inc., 130 F.R.D. 116, 125 (N.D. Cal. 1990) ("experts who are prospective witnesses are normally produced for deposition by the opposing party as a matter of course").

Rule 45 of the Federal Rules of Civil Procedure provides that a party may subpoena an expert's attendance at a deposition. The expert may move to quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

Here, Dr. Bash is plaintiff's expert witness, defendant may depose Dr. Bash, and Dr. Bash has not moved to modify or quash a subpoena. However, defendant noticed Dr. Bash's deposition for October 10, 2018. (ECF No. 75 at 11-15.) Although plaintiff has asserted that Dr. Bash will not appear for the October 10, 2018 deposition, the time for the deposition has not yet come. Thus, there is nothing for the court to compel.

////

////

---

[2] It is unclear if plaintiff contributed to the drafting of the joint statement. (ECF No. 75 at 9.)

2

Accordingly, defendant shall proceed with attempting to depose Dr. Bash.[3] If Dr. Bash fails to appear for a deposition, defendant may then bring a motion before the undersigned. Plaintiff and Dr. Bash are cautioned that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g); see also Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992) ("This Circuit's rule with regard to contempt has long been whether the [contemptors] have performed 'all reasonable steps within their power to insure compliance' with the court's orders.").

Finally, the undersigned notes that it is apparent from the parties' briefing that communication and trust between the parties is severely lacking. The undersigned is cognizant of the challenges faced by pro se litigants, and by experienced practitioners litigating against pro se litigants. And it is understandable that both sides in this action would vigorously advocate their respective positions.

However, each side must treat the other with respect. And informal communication and dispute resolution can ease the burden imposed by litigation. Although the parties may disagree with each other, they should not be disagreeable to each other.

## CONCLUSION

Accordingly, upon consideration of the arguments on file, IT IS HEREBY ORDERED that:

1. Defendant's September 7, 2018 motion to compel (ECF No. 71) is denied without prejudice to renewal;

2. The October 5, 2018 hearing of defendant's motion is vacated;

3. Discovery shall be completed by **November 2, 2018**;

4. All pretrial motions, except motions to compel discovery, shall be completed by **December 21, 2018**; and

////

---

[3] Given the impending discovery deadline, the undersigned finds good cause to modify the schedule in this action to allow sufficient time for defendant to complete Dr. Bash's deposition.

5. The parties shall file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving ruling on the last dispositive motion.

Dated: October 2, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/gonzalez1997.mtc2.ord