UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ, | No. 2:15-cv-1997 MCE DB PS |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

Plaintiff, Daniel Gonzalez, is proceeding pro se and in forma pauperis. (ECF No. 6.) This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff's amended complaint alleges that medical professionals at the Veterans Administration Hospital, "negligently and inadvertently misdiagnosed and delayed" plaintiff's medical treatment causing plaintiff harm. (Am. Compl. (ECF No. 11) at 2.[1]) Noticed for hearing before the undersigned are a motion for further leave to amend the complaint, motions to amend the scheduling order, as well as motions to compel discovery filed by plaintiff.[2] Also noticed for

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] Although the time for plaintiff to file reply briefs and joint statements has not passed, it appears that plaintiff may be waiting on the resolution of these motions to respond to defendant's motion for summary judgment. And the briefing filed by the parties is sufficient to decide plaintiff's motions for the reasons stated herein. Accordingly, the undersigned finds that plaintiff's motions

1

hearing before the undersigned on December 14, 2018, is defendant's motion for summary judgment.

**I.      Plaintiff's Motion for Further Leave to Amend**

On October 4, 2018, plaintiff filed a motion for leave to file a second amended complaint. (ECF No. 77.) Defendant filed an opposition on November 2, 2018. (ECF No. 86.) Plaintiff filed a reply on November 13, 2018. (ECF No. 96.)

Generally, leave to amend is governed by Rule 15 of the Federal Rules of Civil Procedure, ("Rule"). Rule 15 "is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

However, "[o]nce the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards control[]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). "'Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.'" Manriquez v. City of Phoenix, 654 Fed. Appx. 350, 351 (9th Cir. 2016) (quoting Johnson, 975 F.2d at 609). In this regard, under Rule 16(b), plaintiffs "must show good cause for not having amended their complaints before the time specified in the scheduling order expired." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

---

may be resolved without a hearing pursuant to Local Rule 230(g).

Here, the events at issue in this action date back to 2009. (Am. Compl. (ECF No. 11) at 1.) Plaintiff's original complaint was filed on September 21, 2015. (ECF No. 1.) On May 23, 2016, plaintiff was granted leave to file an amended complaint. (ECF No. 6.) Plaintiff filed an amended complaint on July 29, 2016. (ECF No. 11.) A Status (Pretrial Scheduling) Order was issued on June 28, 2017. (ECF No. 37.)

Plaintiff's motion for further leave to amend acknowledges Rule 16(b), but fails to discuss with any specificity why good cause exists for granting plaintiff further leave to amend. Plaintiff's motion does not even address the need for further leave to amend in any detail. Instead, plaintiff simply asserts in a vague and conclusory manner that plaintiff seeks to allege "new and different claims and parties," and "new and different facts," which plaintiff allegedly discovered in May and September of 2018. (Pl.'s Mot. LTA (ECF No. 77) at 1-2.)

Moreover, the motion asserts that a proposed second amended complaint is "attached as Exhibit A." (Id. at 3.) As noted by defendant's opposition, plaintiff's motion did not in fact include a proposed second amended complaint, as required by Local Rule 137(c). (Def.'s Opp.'n (ECF No. 86) at 1.) Without the ability to review plaintiff's proposed second amended complaint, the undersigned cannot determine if granting plaintiff further leave to amend would be futile or if plaintiff has been diligent in seeking further leave to amend.

For these reasons, plaintiff's motion for further leave to amend will be denied without prejudice.

## II. Plaintiff's Motions to Amend the Scheduling Order

On August 17, 2018, plaintiff filed a motion to amend the scheduling order by, in part, extending the discovery deadline in this action to December 7, 2018. (ECF No. 69.) On November 2, 2018, defendant filed an opposition to plaintiff's motion. (ECF No. 87.) That same day plaintiff filed a second motion to extend the discovery deadline, this time seeking a January 4, 2019 discovery cutoff. (ECF No. 91.) On November 13, 2018, plaintiff filed a declaration in support of the motion to amend the scheduling order. (ECF No. 97.) On November 30, 2018, defendant filed an opposition to plaintiff's second motion for an extension of time. (ECF No. 102.)

As noted above, pursuant to Rule 16(b) the schedule in this action "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

Here, on June 28, 2017, the undersigned issued a Status (Pretrial Scheduling) Order that set March 2, 2018, as the deadline for the completion of discovery. (ECF No. 37 at 2.) On January 29, 2018, the assigned District Judge granted the parties stipulation to continue the discovery deadline to June 14, 2018. (ECF No. 48 at 2.) On June 18, 2018, the undersigned granted plaintiff's request to further amend the scheduling order and continued the completion of discovery to October 19, 2018. (ECF No. 67 at 4.) And on October 3, 2018, the undersigned yet again continued the discovery deadline, this time to November 2, 2018. (ECF No. 76 at 3.)

Since the filing of the scheduling order and the granting of multiple extension of the discovery deadline, plaintiff has been allowed roughly 17 months to complete discovery. Moreover, plaintiff's motion seeks to extend the discovery deadline on the chance that defendant's "experts and treating fail to provide proper responses to additional subpoenas being issued." (Pl.'s MTA (ECF No. 91) at 1.) Although the undersigned is cognizant of the challenges faced by pro se litigants, plaintiff has been provided ample opportunity to complete discovery.

Accordingly, plaintiff's motions to amend the scheduling order will be denied.

**III.     Plaintiff's Motions to Compel**

On November 13, 2018, and November 16, 2018, plaintiff filed motions to compel. (ECF Nos. 95 & 98.) Those motions are noticed for hearing before the undersigned on December 14, 2018. However, as noted above, discovery in this action must have been completed by November 2, 2018. (ECF No. 76 at 3.) As explained by the Status (Pretrial Scheduling) Order "'completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with." (ECF No. 37 at 2.)

////

Because the deadline for the completion of discovery has passed, and plaintiff's motions to amend the scheduling order will be denied, plaintiff's motions to compel are untimely. Those motions, therefore, will also be denied.

**IV.    Defendant's Motion For Summary Judgment**

As noted above, defendant has filed a motion for summary judgment. That motion is noticed for hearing before the undersigned on December 14, 2018. Pursuant to Local Rule 230(c) plaintiff was to file opposition or a statement of non-opposition to defendant's motion "not less than fourteen (14) days preceding the noticed . . . hearing date." Plaintiff, however, has failed to file a timely opposition or statement of non-opposition.

The failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

In light of plaintiff's pro se status, and in the interests of justice, the court will provide plaintiff with a final opportunity to oppose defendant's motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 17, 2018, motion to amend the scheduling order (ECF No. 69) is denied;

2. Plaintiff's October 4, 2018 motion for further leave to amend (ECF No. 77) is denied without prejudice;

3. Plaintiff's November 2, 2018 motion to amend the scheduling order (ECF No. 91) is denied;

4. Plaintiff's November 13, 2018 motion to compel (ECF No. 95) is denied;

5. Plaintiff's November 16, 2018 motion to compel (ECF No. 98) is denied;

////

////

6. The December 14, 2018 hearing of defendant's motion for summary judgment (ECF No. 92) is continued to **Friday, January 25, 2019, at 10:00 a.m**., at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

7. On or before **January 11, 2019**, plaintiff shall file an opposition or statement of non-opposition to defendant's motion for summary judgment; and

8. Plaintiff is cautioned that the failure to timely comply with this order may result in the recommendation that this case be dismissed.

Dated: December 6, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/gonzalez1997.cont.msj.hrg