McGREGOR W. SCOTT
United States Attorney
KELLI L. TAYLOR
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA et al.,<br><br>Defendants. | No. 2:15-cv-1997-MCE-DB-PS<br><br>**UNITED STATES' OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO FILE A SECOND AMENDED COMPLAINT [ECF Nos. 110, 111]**<br><br>Date: January 25, 2019<br>Time: 10:00 a.m.<br>Court: 27, 8th Floor<br>Judge: Hon. Deborah Barnes |

## I. INTRODUCTION

This Court should deny Plaintiff's "renewed" Motion to Amend the Complaint because it is baseless and fails to address the deficiencies articulated in this Court's December 6, 2018 order, including: failing to provide a proposed Second Amended Complaint; failing to identify what additional claims or parties would be brought; and failing to discuss–let alone demonstrate satisfaction of–Rule 16's good cause standard. Accordingly, this Court should once again deny Plaintiff's Motion to Amend and avoid further delays finalizing this action.

## II. BACKGROUND

This Court is very familiar with this medical malpractice action so only the most salient matters are discussed herein. In 2009, Plaintiff claims that he was injured in a car accident, hurt his shoulder, and sought treatment at the VA. (First Amended Complaint, ECF No. 11, at 1:24-26). Plaintiff alleges that VA doctors "misdiagnosed and delayed proper testing and treatment of Plaintiff's head, back, and shoulder injuries, eventually leading to peripheral blindness and substantial injury." (*Id*. at 2:2-3). Plaintiff filed this action in 2015, naming the United States, private persons whom he contends are

responsible for the car accident, and an insurance company. (*Id*. at ¶¶ 8-9). The Court dismissed those other parties as improperly joined in 2016 (ECF 17), and has since rejected Plaintiff's efforts to add tangentially related claims and defendants to this medical malpractice case. (*See, e.g.*, ECF 58). This Court's June 2017, Scheduling Order explicitly states that "[n]o further joinder of parties or amendment to pleadings is permitted except with leave of court, good cause having been shown. *See, Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir. 1992)." (ECF 37 at 2:7-10).

Fifteen months after the Court issued that order, Plaintiff filed an untimely "Motion to File Second Amended Complaint with Joinder of Claims and Parties" seeking to add "new and different claims," and at least one new defendant, private surgeon Dr. Samuel Hu, all after the close of discovery. (ECFs 77, 89). The United States opposed that motion on several grounds, including that it was impossible to determine the scope of Plaintiff's proposed amendment, as he did not lodge a proposed Second Amended Complaint despite repeatedly stating that such a document accompanied the motion. (U.S. Opp., ECF 86, P's Mtn., ECF 77, 1:25, 2:1, & 3:5). As briefed in the prior opposition, Plaintiff's request was also futile because any attempted claims against Dr. Hu are time barred and any claims against the United States are barred by sovereign immunity or unrelated to the run-of-the-mill medical malpractice case that forms the basis of his current First Amended Complaint. (ECF 86).

On December 6, 2018, this Court denied Plaintiff's Motion to Amend without prejudice stating, in part:

> Plaintiff's motion for further leave to amend acknowledges Rule 16(b), but fails to discuss with any specificity why good cause exists for granting plaintiff further leave to amend. Plaintiff's motion does not even address the need for further leave in any detail. Instead, plaintiff simply asserts in a vague and conclusory manner that plaintiff seeks to allege 'new and different claims and parties,' and 'new and different facts,' which plaintiff allegedly discovered in May and September of 2018. (Pl.'s Mot. LTA (ECF 77) at 1-2.)
>
> Moreover, the motion asserts that a proposed second amended complaint is 'attached as Exhibit A.' (Id. at 3.) As noted by defendant's opposition, plaintiff's motion did not in fact include a proposed second amended complaint, as required by Local Rule 137(c). (Def.'s Opp'n (ECF No. 86) at 1.) Without the ability to review plaintiff's proposed second amended complaint, the undersigned cannot determine if granting plaintiff further leave to amend would be futile or if plaintiff has been diligent in seeking further leave to amend.

(ECF 106, at 3:6-17).

## III. ARGUMENT

Even though this Court identified specific deficiencies when denying Plaintiff's prior Motion to Amend, Plaintiff's "Renewed" Motion to Amend contains all of these same fatal flaws and should be denied for the same reasons. (ECF 110, 111). Indeed, Plaintiff's renewed motion contains *less* information than his last motion. (*Compare*, ECF 77 with 111). Plaintiff does not identify what new claims or parties would be included, does not explain why leave to amend would not be futile, and does not discuss how he has been diligent in seeking further leave to amend. Moreover, although Plaintiff again represents that the proposed second amended complaint is attached as Exhibit A to the Gonzalez Declaration, (ECF No. 111 at 2:16-17), no proposed complaint was provided. In fact, the declaration Plaintiff did file (ECF 110) does not even claim that a second amended complaint is attached. Plaintiff's "renewed" motion to amend is baseless and should be denied.

### A. Plaintiff's Motion Is Untimely and He Fails to Satisfy Rule 16(b)'s Diligence Requirement

As detailed above, this Court's December 6, 2018, order specified that one of the reasons Plaintiff's Motion to Amend was denied was his failure to demonstrate compliance with Rule 16:

> Plaintiff's motion for further leave to amend acknowledges Rule 16(b), but fails to discuss with any specificity why good cause exists for granting plaintiff further leave to amend. Plaintiff's motion does not even address the need for further leave in any detail. Instead, plaintiff simply asserts in a vague and conclusory manner that plaintiff seeks to allege 'new and different claims and parties,' and 'new and different facts,' which plaintiff allegedly discovered in May and September of 2018. (Pl.'s Mot. LTA (ECF 77) at 1-2.)

ECF, 3:6-11.

Despite being specifically told this information was required, Plaintiff's Renewed Motion to Amend again fails to address Rule 16(b), fails to attempt to demonstrate compliance with the "good cause" standard, and Plaintiff does not even use the words "good cause" in his renewed motion. (Mtn., ECF 111). In fact, Plaintiff continues to cite Rule 15 even though this Court specifically told him that Rule 15 does not apply (because this Court adopted a Scheduling Order), and that Rule 16's "good cause" standard controls. (Order, ECF 106, 2:17-26). Plaintiff was also told this a year-and-a-half ago in this Court's June 2017, Scheduling Order, which states that "[n]o further joinder of parties or amendment to pleadings is permitted except with leave of court, good cause having been shown." (ECF 37 at 2:7-10) (citing *Johnson,*

975 F.2d at 609-10). Plaintiff presumably continues to ignore his obligation under Rule 16(b) because he cannot meet his burden of showing "good cause", which "primarily considers the diligence of the party seeking the amendment." *Johnson,* 975 F.2d at 609 (courts do not modify a pretrial schedule unless "it cannot reasonably be met despite the diligence of the party seeking the extension.") (quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (It is the moving parties' burden to demonstrate diligence and good cause.)

Plaintiff was not diligent. As this Court stated in its order denying Plaintiff's last Motion to Amend:

> Here, the events at issue in this action date back to 2009. (Am. Compl. (ECF No. 11) at 1.) Plaintiff's original complaint was filed on September 21, 2015. (ECF No. 1.) On May 23, 2016, plaintiff was granted leave to file an amended complaint. (ECF No. 6.) Plaintiff filed an amended complaint on July 29, 2016. (ECF No. 11.) A Status (Pretrial Scheduling) Order was issued on June 28, 2017. (ECF No. 37.)

Order, ECF 106, 3:1-5. This case has been pending for over three years. After discovery opened in May 2017 (*See* ECF 28), Plaintiff essentially did nothing for eight months before serving some requests for production and admission in October 2017. (ECF 86-1 at ¶ 2). Plaintiff received a 90-day extension to serve his expert reports from the original December 22, 2017, deadline, but still did nothing. (*See id*. at ¶ 3). Plaintiff did not serve any deposition notices until April 2018, after the extended expert deadline. (*See id*.). When the Court granted him another lengthy extension in June 2018, Plaintiff again did next to nothing. For example, he noticed the deposition of the United States' expert, Dr. James Van den Bogaerde, in early July, but then took it off calendar and has not pursued it since. (*See id*. at ¶ 5). He also attempted to take the deposition of his own orthopedic surgeon, Dr. Samuel Hu of Mercy Medical Group, but delayed taking it until September 28, 2018, because he did not wish to pay the required fee. (*See id*.).

Rule 16 requires more than "some" effort; rather, a request to modify the Scheduling Order requires the Plaintiff to show that it was not possible for the dates in the Order to "reasonably be met despite the diligence of" Plaintiff. *Jackson*, 186 F.R.D. at 607. With reasonable diligence—such as serving written discovery, taking depositions, and hiring an expert in 2017—Plaintiff could have

identified the claims he now seeks to add, and brought them to the Court in a timely fashion.  Plaintiff failed to investigate, failed to take discovery, and failed to notice his motion to add new claims and parties until after the close of discovery, and after the parties submitted expert reports.  He waited too long, and it is simply too late.  *Jackson*, 186 F.R.D. at 607-08.  (Party must also show that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order).  The Court should thus deny Plaintiff's renewed request to amend the Complaint to add new claims, and new parties at this late hour.

B. **Prejudice Would Result From An Amendment.**

Any argument by Plaintiff that there is no prejudice is both irrelevant and incorrect.  As this Court has held, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to *deny* a motion," but it cannot supply reasons to grant such a motion.  *Jackson*, 186 F.R.D. at 609 (emphasis added); *see also Johnson*, 975 F.2d at 607 (same); Moore's Fed. Prac.-Civ. § 16.14[1][b] (stating that "[t]he existence or degree of prejudice to the party opposing the modification ... is irrelevant to the moving party's exercise of diligence and does not show good cause").

Despite the fact that any alleged lack of diligence is irrelevant to Plaintiff's motion, it is also wrong.  The United States, its employees, and this Court are all prejudiced by Plaintiff's lack of diligence and continued delays in this case.  This case has been a dark cloud hanging over the doctors for more than three years.  (Broderick Dec., ECF 102-3 at ¶5; Dr. Lee Dec., ECF 102-1 at ¶¶ 2-4; Dr. Siegel Dec., ECF 102-2 at ¶¶ 3-6).  Under the original schedule, this case should have been concluded by now and the doctor's names cleared.  (ECF 37).  Yet the litigation drags on.  For Dr. Lee, this litigation has caused a distraction from her work, resulted in stress and sleepless nights, harmed her reputation, and created an obstacle for her career advancement.  (Lee Dec., ECF 102-1at ¶4).  For Dr. Siegel, this litigation continues to haunt him even in retirement.  (Siegel Dec., ECF 102-2 at ¶¶ 3-6).  Courts recognize that malpractice lawsuits have "attendant consequences to [a doctor's] reputation and insurability," *Jutzi v. Cty. of Los Angeles*, 196 Cal. App. 3d 637, 651, 242 Cal. Rptr. 74, 81 (Ct. App. 1987), and that "divert[ing] the doctor's attention from the operating room to the courtroom leaves much to be desired." *Clark v. Gibbons*, 66 Cal. 2d 399, 418, 426 P.2d 525, 538 (1967).

Plaintiff's delay tactics have also forced the United States to waste nearly $15,000 and spend

resources that could be devoted to other legitimate needs. (Broderick Dec., ECF 102-3 at ¶ 6). For example, Plaintiff was ordered to provide his expert reports first, so that the United States could evaluate his theories of medical liability backed up by evidence, and respond to them *before* incurring expert expenses in this case. (ECF 29, 30, & 37). Plaintiff's failure to disclose any reports by the already-extended March 22, 2018, deadline, forced the United States to do its report first, guessing at Plaintiff's theories. Plaintiff then caused additional taxpayer dollars to be spent by passing off a doctored draft report as an official expert report. (Broderick Dec., ECF 102-3 at ¶ 6, ECF 92-3, Exh. C, at 19:9-11 & 20:3-5; *see also Id*. at p. 20:13-14) (Q. "So this Exhibit 1 is not your report?," A. "Right.").

Plaintiff's delays also harm this Court. As set forth above, Plaintiff had ample time to complete the necessary and desired actions in this case. Plaintiff simply chose not to do so. Instead, he prioritized his state court lawsuit and litigated his other cases over compliance with this Court's schedule. Tellingly, the docket from Plaintiff's state court case contains over 425 activities in less time than this case has been pending. (Broderick Dec., ECF 102-3 at ¶ 8, Ex. G). Plaintiff filed 179 of those 425 documents. *Id.* In addition to prioritizing other cases, Plaintiff squandered the extensions that this Court already gave him. Instead of devoting his time and efforts to matters that will move this case to conclusion, Plaintiff elected to spend his time filing five pending baseless motions. (ECF 77, 90, 91, 95, 98). This Court has one of the busiest dockets in the nation and should not be forced to spend time on unwarranted motions motivated by Plaintiff's delay tactics. (*Eastern District Judges Beg Congress for Reinforcements*, Cal Lawyer Daily Journal, June 20, 2018, by Joshua Sebold, at https://www.dailyjournal.com/articles/348022-eastern-district-judges-beg-congress-for-reinforcements; Judge O'Neill Letter to Congress, June 19, 2018, Ex. J to Broderick Dec.). This Court should not allow Plaintiff to further waste its limited time and resources.

As with Plaintiff's prior Motion to Amend, he again fails to offer any argument for why he did not make this request earlier. As both this Court and the Ninth Circuit have recognized, a "scheduling order is not 'a frivolous piece of paper, idly entered, which can be cavalierly disregarded by [parties] without peril.'" *Stoddart v. Express Servs.*, No. 2:12-cv-01054-KJM, 2017 WL 3333994, at *1 (E.D. Cal. Aug. 4, 2017) (quoting *Johnson,* 975 F.2d at 610). Rather, deadlines must be "taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Wong v. Regents of Univ. of Cal.*,

410 F.3d 1052, 1060 (9th Cir. 2005). "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." *See id.* The Court should enforce the Scheduling Order now, and deny Gonzalez's untimely request to amend.

## C. **An Amendment Would Be Futile.**

Despite claiming that the proposed Second Amended Complaint is attached to his renewed motion (ECF 111, 2:17)– it is not. Plaintiff's renewed motion therefore fails to specify what he would amend and why. It also does not meet Rule 230's requirement that "[t]he moving party shall file a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion." E.D.C.A. L.R. 230(b). Although this is grounds alone to deny Plaintiff's renewed motion, it also is futile.

Plaintiff's motion does include the vague statement that he "would try to amend [the] complaint to direct issues to the United States or California in showing how false the declarations are made against me." (ECF 110, 3:4-5). Plaintiff further states, "between January and May, 2018, Mr. Broderick, Dr. Siegel and Dr. Van Den Bogaerde chose to broadcast highly embarrassing and insulting personal and mental health information shared with the VA." (ECF 110, 3:13-15). This apparently arises from Plaintiff's displeasure that Dr. Van den Bogaerde's included a "pertinent health and social history" section in his rebuttal report that summarized medical records before the 2009 motor vehicle accident and noted that Plaintiff lost "his dental license over allegation of sexually abusing a patient who was a minor." (P's prior discovery Mtn., ECF 95, Ex. 3, at 1). As reflected by his prior filings, Plaintiff incorrectly construes this statement as a "personal character attack … without producing admissible evidence to support them." (P's prior discovery Mtn., ECF 95, 3:7-22). Dr. Van den Bogaerde did not comment on whether the allegation was true or false, he simply noted that it was reflected in Plaintiff's psycho-therapy progress notes.[1] Plaintiff does not deny that he received the psycho-therapy from the

---

[1] The United States is not inclined to attach Plaintiff's psycho-therapy notes to this opposition, but could make them available if the Court so desired, including US00263, US00648, US00282, and US00654. Despite the fact that the doctor's summary is supported by the records, in prior motions Plaintiff threatened to amend his complaint to include "fiduciary breach and civil conspiracy between Dr. Van den Bogaerde and others to gain a psychological and emotional advantage over Plaintiff." (Mtn., ECF 95, 4:23-25, *see also* 7:23-26). Such a threat cannot be taken lightly given Plaintiff's litigious nature,

VA, does not allege that the progress notes were improperly summarized, and does not include any basis that referencing them is actionable.[2] Indeed, Plaintiff's complaints about the content of the rebuttal reports, which were served last year, simply demonstrate this motion is unsubstantiated, not diligent, untimely, and futile.

"A district court does not err in denying leave to amend where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted). Here, any attempt to sue doctors based on their summary of Plaintiff's medical records would be futile. Indeed, any other claims Plaintiff wishes to add against the United States and its employees would be barred. Although the precise scope of these claims are unclear given Plaintiff's continued failure to submit a Second Amended Complaint, it is clear that a suit alleging civil and constitutional claims against the United States, or against its employees in their official capacity, are barred by sovereign immunity absent statutory waiver. *See, e.g.*, *Gilbert v. DaGrossa*, 756 F.2d 1455, 1457-58 (9th Cir. 1985). Thus, any attempt to add claims against the United States itself, or federal employees for their official actions, is futile. As Plaintiff's proposed amendment is futile as to all parties he has identified, the Court should deny the motion on this independent ground.

## IV.  CONCLUSION

Based on the foregoing, the Court should deny Plaintiff's renewed motion to amend his complaint for a second time.

Dated:  January 10, 2019                    McGREGOR W. SCOTT
                                            United States Attorney

                                            */s/ Kelli L. Taylor*
                                            KELLI L. TAYLOR
                                            Assistant United States Attorney

---

reflected by the number of lawsuits he currently has pending and the fact the state court previously declared him a vexatious litigant. (ECF 102, Exhibit G, H, I).

[2] Dr. Van den Bogearde's expert report often notes the exact pages and source of the info supporting the statement.

# CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion as to be competent to serve papers.

That on January 10, 2019, she served a copy of

UNITED STATES' OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO FILE A SECOND AMENDED COMPLAINT [ECF Nos. 110, 111]

by placing said copy in a sealed envelope for overnight service by FedEx and by depositing said envelope in the FedEx recepticle at Sacramento, California.

**ADDRESSES**:

Daniel Gonzalez
7125 Calvin Drive
Citrus Heights, CA 95621

*s/ Kimberly Siegfried*
KIMBERLY SIEGFRIED

Certificate of Service by Mail