

Daniel Gonzalez
7125 Calvin Drive,
Citrus Heights, CA 95621
Telephone (916) 247-6886
Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ, | **No.: 2:15-cv-1997 MCE DB PS** |
| Plaintiff, | |
| vs. | **PLAINTIFF'S DECLARATION RESPONDING TO DEFENDANTS MISSTATEMENT OF FACTS RE: JOINT STATEMENT** |
| UNITED STATES OF AMERICA; and DOES 1 to 20, Inclusive, | Date: January 25, 2019<br>Time: 10:00 a.m.<br>Courtroom: Judge Magistrate Deborah Barnes<br>Trial Date: None Set<br>Action Filed: September 21, 2015<br>FAC Filed: June 28, 2016 |
| Defendants. | |

TO THE HONORABLE MAGISTRATE JUDGE DEBORAH BARNES:

On Thursday, January 17, 2019, a notice of inability to complete a joint statement was received by plaintiff which contained substantive misstatements of facts: This declaration is responsive to those misstatements of facts as follows:

## DECLARATION OF DANIEL GONZALEZ

I, Daniel E. Gonzalez, declares:

1. I am the plaintiff in the above-captioned matter. I have personal knowledge of the facts stated within this Declaration, except as otherwise noted. As to matters based on information and belief, I believe that information to be true.

2. On January 15, 2019, I spent the entire day and much of the evening preparing for my defense of an unlawful detainer action, Sacramento Superior 18UD06006. The stress of being homeless overwhelmed me. Apparently, Ms. Taylor ignored the exhibits sent with my rebuttal dropping the motion to amend the complaint due to distressing matters, i.e., a retaliatory eviction set for trial was held on Wednesday, January 16, 2019.

3. I was at trial all Wednesday morning, and did not return home until after 1:00 p.m. I did not even know Ms. Taylor sent a letter until Wednesday. After Ms. Taylor threatened me, I replied explaining the about trial and would try to have a draft that afternoon. **Exhibit A** is a true and correct copy of an email of 1:25 p.m. and letter sent on Wednesday, January 16, 2019, to Ms. Taylor explaining this impossibility of meeting her demands or appease her threats while defending an eviction trial.

4. It took me over 2 and ½ hours to submit a draft to Ms. Taylor. **Exhibit B** is a true and correct copy of an email of 4:39 p.m. and letter sent on Wednesday, January 16, 2019, to Ms. Taylor with my draft after stressing for days of an eviction trial.

5. I had hoped that Ms. Taylor would carry herself with better integrity than Mr. Broderick did, and cease the denigrating attacks of me and misstatements to the Court. It is apparent from the notice I received yesterday, misstating and omitting the truth of what transpired to Your Honor seems the only defense to the unwarranted 4 years delay giving me improper shoulder care left me blind in my left eye.

6. I ask that these misstatements should be stopped.

7. My motion asks Your Honor to simply dispose of the facts raised in the admissions as conclusive or have these admissions disputed at trial based on the responses of Mr. Broderick maintained unchanged since November 2017.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed January 18, 2019.

By: _____
DANIEL GONZALEZ
Plaintiff, Pro se

PLAINTIFF'S DECLARATION RESPONDING TO DEFENDANTS MISSTATEMENT OF FACTS RE: JOINT STATEMENT

EXHIBIT "A"

 Daniel Gonzalez <dgonzie@gmail.com>

# Letter

**Daniel Gonzalez** <dgonzie@gmail.com>  Wed, Jan 16, 2019 at 1:25 PM
To: "Taylor, Kelli L. (USACAE)" <Kelli.L.Taylor@usdoj.gov>

Please see letter below.
[Quoted text hidden]

📄 **LTR_2 DOJ_AAG TAYLOR_Joint statmentS_Jan 16 2019.pdf**
144K

Daniel Gonzalez  
7125 Calvin Drive  
Citrus Heights, CA 95621  
(916) 247-6886  

Email/Faxed to: 916-554-2900

January 16, 2019

Ms. Kelli L. Taylor  
Assistant United States Attorney  
501 I Street, Suite 10-100  
Sacramento, CA 95814  

Re: Response to Joint Statement letter  
      Eastern District of California, Case No. 2:15-cv-01997, *Gonzalez v. U.S.*

Dear Ms. Taylor:

I respond to your letter about the Joint Statement. First, I did not intend to ignore the letter as you may not know I was in a unlawful detainer trial today and unavailable. As for the joint statement, I have very little to say as it is based on Rule 36(b) which asking the Court to conclude either admitted or not, not for any amendment. I will try to put something together and have it to you by 3:00 p.m. today.

Regards,

/s/ Daniel Gonzalez  
Daniel Gonzalez

1

EXHIBIT "B"

  **Gmail**   Daniel Gonzalez &lt;dgonzie@gmail.com&gt;

## Letter

**Daniel Gonzalez** &lt;dgonzie@gmail.com&gt;   Wed, Jan 16, 2019 at 4:39 PM
To: "Taylor, Kelli L. (USACAE)" &lt;Kelli.L.Taylor@usdoj.gov&gt;

Please see the attached joint statement draft for your needs..

[Quoted text hidden]

📎 PL_JOINT STATEMENT_Deemd Admitted_Jan 16 2019.pdf
   171K

Daniel Gonzalez
7125 Calvin Drive,
Citrus Heights, CA 95621
Telephone (916) 247-6886
Plaintiff

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DANIEL E. GONZALEZ, | Case No. 2:15-cv-01997-MCE-DB |
|---|---|
| Plaintiff, | |
| v. | **JOINT STATEMENT TO PLAINTIFF'S DISPOSITIVE MOTION TO DEEM MATTERS ADMITTED PER RULE 36(b)** |
| UNITED STATES OF AMERICA, et al. | Date:   January 25, 2019 |
| Defendants. | Time:   10:00 a.m. |
| | Judge:  Hon. Deborah Barnes |

I.   **PLAINTIFF'S POSITION**

Plaintiff objects this is not a dispositive motion as amendment is not an option. Per Rule 36(b) gives the Court use of its inherent power to dispose of issues conclusively before trial to narrow issues. The motion was filed on December 21, 2018, the deadline for dispositive motions. Since October 6, 2017, Defendants possessed and had all documentation necessary to amend certain incorrect responses based on its affirmations to request for admissions, set two.

Pursuant to the Advisory Committee Notes of 1970, a party who failed to properly respond is subjected to having the requests for admissions deemed conclusive with the legal effect that those matters are deemed admitted and disposed of before trial. The Court can then apply as a sanction under Rule 37(c) that no further contention on the subject matter of the request for admissions remains debatable at trial. This dispositive effect of Rule 36(b) is the statutory purpose intended.

Plaintiff diligently made repeated efforts by letter and email asking that Defendants correct prior invalid objections and deficient responses to request for admissions, set one. Plaintiff wrote letters and emails to alert Defendants to amend the incorrect or inadequate responses in November

2017, December 2017 (meet and confer conference), January 2018, February 2018, April 2018, June 2018, July 2018, August 2018, September 2018, and October 2018.

The net effect is that nothing could be relied upon or concluded from the Defendants continued evasion of the medical malpractice questions needed to help complete expert medical evaluation. It appears the Defendants sole reliance in ignoring the medical malpractice controversies presented by the requests for admissions was to denigrate plaintiff with falsehoods, and ridicule plaintiff's expert with over grammatical errors in an opinion letter. Plaintiff's medical expert provided medical reasons associating contraindicated medications with his vision loss. In fact, Dr. Lee confirmed that medical theory by immediately removing plaintiff from using NSAIDs (Motrin and others) upon learning of the vision loss.

Moreover, the requests if properly responded would have resolved any questions as to the standard time allotted for conservation treatment of a shoulder injury without the need to expose plaintiff to a higher probability of losing 90% of his left eye vision. Had Defendants had a competent VA doctor respond, instead of their defense counsel, they could have better understood that the VA diagnosis of NAION (non-arteritic ischemic optic neuropathy) occurs at the optic nerve layer exterior to the peripheral vessels within the internal retinal wall. This distinction is critical in that the overmedication of contraindicated NSAIDs by the VA doctors increased plaintiff's risk probability to retinal bleeding at the vascular site, not the external nerve fiber layer.

Requests for admissions, set one, primarily asked questions regarding the standard of care, duty, breach of duty, medical literature, and whether a departure existed in the treatment of plaintiff between 2000 and 2013 at the VA Mather medical center. The medical malpractice admission requests also questioned whether the VA doctors knew of certain monitoring and causation issues pertaining to hyperlipidemia, cardiovascular disease, strokes, orthopedic surgery of rotator cuff injuries, contraindications of medications, loss of vision due to overmedication, and risk factor assessments. Additionally, requests for admissions, set one, pertained to whether proper disclosure, documentation, and diagnostic imaging methods were performed timely or not at all.

Defendants did not respond in any substantive manner to correcting its responses in their opposition. The dispositive intent of the motion was knowingly ignored by the Defendants for 15

months. Defendants last email sent on October 12, 2018, "promised" to address these incorrect and defective responses to the medical malpractice issues at issue. Defendants failed or refused to make any effort to correct their prior defective responses or invalid objections, passed the November 2, 2018 deadline to do so. Defendants are represented by extremely skilled and experienced attorneys of the Department of Justice, whereas plaintiff is in pro se without formal legal training. Thus, Defendants and their counsel are fully able with superior knowledge to understand the potential consequence of their decisions and omissions not to act timely. Rule 36(b) clearly allows the Court to make conclusive decisions disposing of the defect without considering the alternative of allowing amendments.

In sum, the plaintiff's layperson understanding that the Court has the power at this pre-trial stage to deem any matters of medical fact conclusive is believed in good faith to be a dispositive motion by Rule 36(b).

DATED: January 16, 2019

Respectfully submitted,

By:   /s/ Daniel Gonzalez
      Daniel Gonzalez
      Plaintiff, pro se

**DEFENDANTS STATEMENT**

II. **DEFENDANT'S POSITION**

DECLARATION OF SERVICE BY MAIL

I, Robert Gonzalez, declare that I am over the age of 18 years and not a party to the above-entitled cause. I am employed in the County of Sacramento; my business address is 6206 Longford Drive, #1, Citrus Heights, California 95621.

On January 18, 2019, I served a true and correct copy of the following document(s):

**Case No. 2:15-cv-01997 MCE DB**

**PLAINTIFF'S DECLARATION RESPONDING TO DEFENDANTS MISSTATEMENT OF FACTS RE: JOINT STATEMENT**

by depositing a copy in the United States mail at the main station in Citrus Heights, California, in a sealed envelope, with postage fully prepaid addressed to the following persons:

> Ms. Kelli L. Taylor
> Assistant United States Attorney
> 501 I Street, Suite 10-100
> Sacramento, CA 95814

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 18th day of January 2011.

By: _____