UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1997 MCE DB PS<br><br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff Daniel Gonzalez is proceeding pro se and in forma pauperis. (ECF No. 6.) This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are plaintiff's motion to reset hearing dates, motions to amend, and motion to deem matters admitted, as well as defendant's motion for summary judgment and motion to strike plaintiff's motion to deem matters admitted. (ECF Nos. 92, 107, 110-12, 114.)

For the reasons stated below, plaintiff's various motions are denied and defendant's motion to strike is denied. Also, the undersigned will recommend that defendant's motion for summary judgment be denied.

**BACKGROUND**

Plaintiff commenced this action on September 21, 2015, by filing a complaint and a motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) Plaintiff filed a first amended complaint

1

on July 29, 2016. (ECF No. 11.) On November 18, 2016, the undersigned issued an order and findings and recommendations, directing service on the United States of America on plaintiff's claim that the Veterans Administration Hospital, "negligently and inadvertently misdiagnosed and delayed" plaintiff's medical treatment resulting in harm to plaintiff. (ECF No. 17 at 2.[1]) The undersigned also recommended that the amended complaint's state law causes of action be dismissed. (Id. at 5.) Those findings and recommendations were adopted in full by the assigned District Judge on January 6, 2017. (ECF No. 20.)

Defendant United States of America filed an answer on February 3, 2017. (ECF No. 21.) On November 9, 2018, defendant filed the pending motion for summary judgment. (ECF No. 92.) Plaintiff filed an opposition on December 6, 2018. (ECF No. 108.) On January 15, 2019, plaintiff filed a "notice of errata" with respect to plaintiff's December 6, 2018 opposition. (ECF No. 119.) Defendant filed a reply on January 18, 2019. (ECF No. 120.)

## ANALYSIS

**I.  Plaintiff's Motion to Reset All Hearing Dates to January 11, 2019**

On December 6, 2018, plaintiff filed a motion to reset all pending hearings to January 11, 2019, and for leave to file an untimely opposition to defendant's motion for summary judgment. (ECF No. 107.) However, that same day the undersigned issued an order resolving some of the relevant motions, continuing the hearing of the pending motion for summary judgment to January 25, 2019, and granting plaintiff additional time to file an opposition. (ECF No. 106.) Accordingly, plaintiff's December 6, 2018 motion is denied as having been rendered moot.

**II.  Plaintiff's Renewed Motions to Amend**

On October 4, 2018, plaintiff filed a motion for leave to file a second amended complaint. (ECF No. 77.) On December 6, 2018, the undersigned issued an order denying that motion for failure to show why good cause existed for granting plaintiff further leave to amend and for failing to include a proposed second amended complaint in violation of Local Rule 137(c). (ECF No. 106 at 3.)

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

On December 12, 2018, plaintiff filed a renewed motion for leave to file a second amended complaint. (ECF No. 110.) Then on December 21, 2018, plaintiff filed another renewed notice of motion for leave to file a second amended complaint. (ECF No. 111.) Again, however, plaintiff's motion failed to establish good cause for granting plaintiff further leave to amend and failed to include a copy of the prosed second amended complaint.

Plaintiff's motion filed on December 21, 2018, purports to include a proposed second amended complaint as an exhibit to a separately filed declaration. (Id. at 2.) However, as noted by defendant's opposition, "no proposed complaint was provided." (ECF No. 115 at 3.) Nonetheless, on January 14, 2019, plaintiff filed a "rebuttal" asserting that "the motion to amend is hereby withdrawn." (ECF No. 117.) Plaintiff's December 12, 2018, and December 21, 2018 motions for leave to amend are, therefore, withdrawn.[2]

### III. Plaintiff's Motion to Deem Matters Admitted

On December 21, 2018, plaintiff filed a motion to deem matters admitted. (ECF No. 112.) Defendant filed a motion to strike plaintiff's filing on January 4, 2019. (ECF No. 114.) Plaintiff's motion is deficient in several respects.

First, as explained by the undersigned's December 6, 2018 order, after roughly 17 months discovery in this action closed on November 2, 2018. (ECF No. 106 at 4.) Thus, the time for the resolution of discovery disputes has long passed. Moreover, plaintiff's motion asserts that the defendant failed to provide proper responses to requests for admission. (ECF No. 112 at 1-2.)

The "[f]ailure to timely respond to requests for admissions results in automatic admission of the matters requested. No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self executing." F.T.C. v. Medicor LLC., 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002) (citation omitted); see also In re Pacific Thomas Corporation, 715 Fed. Appx. 778, 779 (9th Cir. 2018) ("Rule 36 is self-executing, meaning that a party admits a matter by failing to serve a response to the request within thirty days; the opposing party does not have to file a motion to deem the matter admitted.").

---

[2] To the extent that plaintiff did not intend to withdraw both motions, these motions are denied without prejudice to renewal for the reasons stated above.

1    Plaintiff argues at "[d]eeming these matters admitted would eliminate wasting judicial resources by settling factual matters before trial relevant to the merits of this case." (ECF No. 113-1 at 7.) However, plaintiff will be provided an opportunity prior to trial to establish that certain matters have in fact been admitted as a result of defendant's failure to respond. The court need not resolve that issue as this time.

Accordingly, plaintiff's motion to deem matters admitted is denied and defendant's request to strike plaintiff's motion is denied.

**IV.   Defendant's Motion For Summary Judgment**

Plaintiff is proceeding on a claim of negligent medical care—or medical malpractice—against the United States. (Am. Compl. (ECF No. 11) at 1-2.) Specifically, plaintiff alleges that doctors employed by the Department of Veterans Affairs "negligently and inadvertently misdiagnosed and delayed proper testing and treatment" of plaintiff's head, back, and shoulder injuries, and maintained plaintiff on "excess medication" resulting in "peripheral blindness and substantial injury." (Id.)

The Federal Tort Claims Act ("FTCA"), "'waives the sovereign immunity of the United States for actions in tort' and 'vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees.'" Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011) (quoting Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992)). Pursuant to the FTCA, the United States' liability is determined 'in accordance with the law of the place where the [allegedly tortious] act or omission occurred.'" Rhoden v. U.S., 55 F.3d 428, 430 (9th Cir. 1995) (quoting 28 U.S.C. § 1346(b)). Here, the alleged tortious conduct occurred in California. (Am. Compl. (ECF No. 1) at 1.)

The elements of medical malpractice under California law are: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Turpin v. Sortini, 31 Cal.3d 220, 229-30 (Cal. 1982). In a medical malpractice action, "causation must be proven within a reasonable medical probability

based upon competent expert testimony. Mere possibility alone is insufficient to establish a prima facie case." Jones v. Ortho Pharmaceutical Corp., 163 Cal.App.3d 396, 402-03 (1985); see also Gotschall v. Daley, 96 Cal.App.4th 479, 484 (2002) ("[E]xpert testimony was essential to prove causation. Without testimony on causation, plaintiff failed to meet his burden on an essential element of the cause of action."). Thus, "causation must be founded upon expert testimony and cannot be inferred from the jury's consideration of the totality of the circumstances unless those circumstances include the requisite expert testimony on causation." Cottle v. Superior Court, 3 Cal.App.4th 1367, 1384 (1992); see also Hutchinson v. U.S., 838 F.2d 390, 392 (9th Cir. 1988) ("This standard of care, which is the basic issue in malpractice actions, can be proven only by expert testimony.").

Moreover, pursuant to Rule 26 of the Federal Rules of Civil Procedure, "each party must disclose to the opposition the identity of any expert witness." Pineda v. City and County of San Francisco, 280 F.R.D. 517, 519 (N.D. Cal. 2012) (citing Fed. R. Civ. P. 26(a)(2)(A)). The disclosure must include a written report providing:

> (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). "The test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." Reed v. Binder, 165 F.R.D. 424, 429 (D. N.J. 1996).

Here, on June 28, 2017, the undersigned issued a scheduling order setting a December 22, 2017 deadline for plaintiff's disclosure of expert witnesses. (ECF No. 37.) On January 29, 2018, the assigned District Judge granted the parties' stipulation to continue the deadline for plaintiff's disclosure of expert witnesses to March 22, 2018. (ECF No. 48.) On April 5, 2018, the government filed a motion for summary judgment due to plaintiff's failure to disclose any expert witness. (ECF No. 49.) On June 18, 2018, the undersigned denied that motion without prejudice

to renewal and granted plaintiff until August 17, 2018, to disclose an expert witness. (ECF No. 67.)

According to defendant's motion, and the declaration of defendant's former counsel, on August 21, 2018, defendant received an expert report from Dr. Craig Bash dated November 17, 2018. (Def.'s MSJ (ECF No. 92-1) at 4; Broderick Decl. (ECF No. 92-3) at 2.) Defendant deposed Dr. Bash on October 31, 2018. (Id.)

At the deposition, Dr. Bash explained that his opinion was based on medical records received from plaintiff the previous year. (Deposition Transcripts ("DT") at pg. 10:8-9.) The exact records received by Dr. Bash could not be determined because Dr. Bash does not "keep records." (Id. at pg. 7:9.) Plaintiff stated that Dr. Bash reviewed "only 304 pages" of plaintiff's medical record, and not "the 1,600 pages" plaintiff then possessed. (Id. at pg. 11:18-22.)

Dr. Bash then testified that his opinion could be found in a report "that says 12 November 2017." (Id. at pg. 18:3.) When defense counsel noted that the disclosed report was dated November 17, 2018, and appeared different than the November 12, 2017 report, Dr. Bash answered, "[i]t's not my report."[3] (Id. at pg. 18:8-10; 19:11.)

Thereafter, when asked if he had "only conducted a partial review of a limited number of medical records," Dr. Bash testified, "That's right." (Id. at pg. 24:5-8.) When asked if it was "essential . . . to have certain records before issuing a complete and competent medical opinion," Dr. Bash again testified, "That's right." (Id. at pg. 24:9-13.) When asked if he conducted "an incomplete review," Dr. Bash answered, "That's right. That (sic) why I produced this draft which is just a draft." (Id. at pg. 24:14-18.)

Dr. Bash went on to explain:

> Usually what I do is I do a draft opinion. A patient pays me some money for the draft. Then when they pay me some more money, I do the rest of my work. He paid me partially. I did the draft opinion. This is the draft opinion.

---

[3] Defendant's motion for summary judgment makes much of these differing reports. It appears that plaintiff filed a copy of the November 12, 2017 report on December 6, 2018. (ECF No. 108 at 29.) A comparison of that report and the November 17, 2018 report received by defendant reveals that the substance of the reports are largely similar despite differences in formatting and organization.

(Id. at pg. 24:19-24.) Dr. Bash was then asked, "So this is not complete?" (Id. at pg. 24:25.) Dr. Bash answered, "No. I said in the sworn thing that this was an incomplete report based on incomplete records and also based on the fact that I didn't finish it."[4] (Id. at pg. 31:1-3.)

Dr. Bash went on to explain that much of the report was cut and pasted "boilerplate" from other reports and contained 40 typos. (Id. at pg. 31:22, 32:16.) After answering that he had not seen any of the transcripts from the depositions of any of the treating physicians or defendant's experts, defense counsel and Dr. Bash engaged in the following exchange:

> Q. And so the big takeaway here . . . is your 12 November 2017 report is just a draft; is that right?
>
> A. That's right.
>
> Q. Because you didn't have all the records and other things you need to do the final; is that right?
>
> A. That's what it says in this thing.
>
> Q. All right. So - - if you got all those things, you'd review them all and then you'd give us, like, finalized opinions. But you can't do that because you don't have that stuff; right?
>
> A. That's correct.

(Id. at pg. 71:2-14.)

Under these circumstances, the undersigned cannot find that Dr. Bash's expert report satisfies that requirements of Rule 26. See Sherrod v. Lingle, 223 F.3d 605, 613 (7th Cir. 2000) ("Preliminary reports, such as those supplied by the plaintiff, do not satisfy the express terms of the rule, and we decline plaintiff's suggestion that we graft a 'substantially complied' standard onto this requirement."); Brumley v. Pfizer, Inc., 200 F.R.D. 596, 603 (S.D. Tex. 2001) ("Preliminary reports do not satisfy the express terms of Rule 26."); Smith v. State Farm Fire and Cas. Co., 164 F.R.D. 49, 53 (S.D. W.Va. 1995) ("A 'preliminary' report is not contemplated by

---

[4] The "sworn thing" is a declaration from Dr. Bash filed in May 11, 2018, in which Dr. Bash states, "In November 2017, I could only conduct a partial review of a limited number of medical records available to Mr. Gonzalez. . . . I conveyed to Mr. Gonzalez a request for deposition transcripts of the VA treating physicians before completing my final medical opinion letter due to the limited records, and inconsistent discovery responses he indicated." (Bash Decl. (ECF No. 55-1) at 68-69.) This information was "essential before issuing a competent and complete medical opinion letter." (Id. at 69.)

the Rule, which calls for 'a complete statement of all opinions to be expressed.'"). However, that Dr. Bash's expert report fails to comply with Rule 26 is not the end of the analysis.

Defendant cites to Hutchinson v. United States, 838 F.2d 390, 392-93 (9th Cir. 1988) for the proposition that "[w]ithout an expert to testify that VA doctors violated the standard of care for doctors, Plaintiff's claim fails as a matter of law." (Def.'s MSJ (ECF No. 92-1) at 8.) That, however, is not the precise holding of Hutchinson. Instead, what Hutchinson held was that where a plaintiff has failed to present expert evidence regarding a violation of the standard of care, the plaintiff's has also failed to make a sufficient showing of a genuine issue for trial, "when the defendant supports his motion for summary judgment with the declarations of experts[.]" Hutchinson, 838 F.2d at 393; see also Webster v. Claremont Yoga, 26 Cal.App.5th 284, 288 (2018) (same).

Defendant's motion also cites to Robinson v. Kaweah Delta Hosp., No. CV F 09-1403 LJO GSA, 2010 WL 4624090, at *6 (E.D. Cal. Nov. 5, 2010), and Dickman v. Emery, No. 02cv2371 BEN (WMc), 2007 WL 2177034, at *4 (S.D. Cal. July 27, 2007) in support.[5] (Def.'s MSJ (ECF No. 92-1) at 8.) In each of those cases, however, the defendant provided evidence in support of their motion for summary judgment. See Robinson, 2010 WL 4624090 at *2 ("the Government filed and served its disclosure to designate experts . . . whose reports concluded that Family Healthcare Network and its employees provided appropriate and timely care to Mr. Robinson"); Dickman, 2007 WL 2177034, at *3 (finding defendant entitled to summary judgment where plaintiff had "not provided any conflicting expert testimony as required by California law" and defendant "offered competent and admissible evidence showing that his treatment of [plaintiff] did not fall below the community standard of care").

In this regard, courts have granted a defendant's motion for summary judgment where the plaintiff failed to present expert evidence and the defendant's motion was itself supported by expert evidence. See e.g., Haworth v. U.S., 225 Fed. Appx. 662, 662 (9th Cir. 2007) ("The district court did not err in granting summary judgment, because the Haworths submitted nothing

---

[5] Defendant also cites to Davis v. Damrell, 119 Cal. App. 3d 883, 887 (1981), however, that case concerned legal malpractice.

to rebut defense evidence from two medical experts stating there was no indication of a violation of the standard of care, or of an ongoing neurological injury to Jacob."); Lang v. United States, Case No.: SACV 17-00180 CJC (JCGx), 2018 WL 6011548, at *4 (C.D. Cal. Oct. 31, 2018) ("Because Plaintiff has presented no expert evidence to controvert the Government's expert declarations concerning the required standard of care under her medical malpractice claim, no genuine dispute of material fact remains for trial."); Plante v. U.S., No. 13cv0310 GPC KSC, 2015 WL 5793712, at *7 (S.D. Cal. Oct. 1, 2015) (granting summary judgment where government's motion was supported by expert report and plaintiff had not "adduced any expert evidence to the contrary, yet alone any expert evidence at all."); Collins v. United States, Case No. ED CV 13-308 CJC (MRW), 2015 WL 10793468, at *5 (C.D. Cal. Aug. 28, 2015) ("when a federal defendant in an FTCA-malpractice action moves for summary judgment and supports the motion with evidence from a medical expert, the defense 'is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence'").

      That is not the case here, however, as defendant's motion is not supported by any affirmative evidence. Instead, defendant's motion for summary judgment merely rests on the fact that plaintiff has failed to provide an expert opinion:

> Here, the United States has not submitted any affirmative evidence establishing the appropriate standard of [care], but simply points to Plaintiff's failure to do so. Accordingly, there is no evidence before the Court identifying the prevailing standard of care or opining on whether the care Plaintiff received satisfied that standard.

MOSHE LEICHNER, Plaintiff, v. UNITED STATES OF AMERICA, et al., Defendants, Case No. EDCV 13-2317 JFW (SS), 2017 WL 10562761, at *4 (C.D. Cal. Mar. 9, 2017) ("The United States' MSJ does not squarely align with the California and federal cases finding that summary judgment is appropriate in a medical negligence action where the plaintiff fails to produce expert opinion on the standard of care. In those cases, the defendant produced expert evidence in support of its motion for summary judgment, which the plaintiff failed to counter with opposing expert opinion.").

////

////

Given the absence of any affirmative evidence from the defendant, the undersigned cannot recommend that defendant's motion for summary judgment be granted.[6]

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 6, 2018 motion to reset hearings (ECF No. 107) is denied as having been rendered moot;

2. Plaintiff's December 12, 2018, (ECF No. 110), and December 21, 2018, (ECF No. 111), motions for leave to amend are deemed withdrawn;

3. Plaintiff's December 21, 2018 motion to deem matters admitted (ECF No. 112) is denied; and

4. Defendant's January 4, 2019 request to strike (ECF No. 114) is denied.

Also, IT IS HEREBY RECOMMENDED that defendant's November 9, 2018 motion for summary judgment (ECF No. 92) be denied.[7]

Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the

---

[6] Although the undersigned is recommending that defendant's motion for summary judgment be denied, plaintiff is cautioned that pursuant to Rule 26 "a supplemental expert report that states additional opinions or 'seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report' is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)." Plumley v. Mockett, 836 F.Supp.2d 1053, 1062 (C.D. Cal. 2010) (quoting Cohlmia v. Ardent Health Servs., LLC, 254 F.R.D. 426, 433 (N.D. Okla. 2008). Moreover, "even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). "The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996).

[7] In the event these findings and recommendations are adopted in full by the assigned District Judge, and defendant can show it possess affirmative evidence in support a motion for summary judgment with respect to the standard of care, the undersigned would entertain a motion to reopen the deadline for the filing of dispositive motions to allow defendant to file a second motion for summary judgment.

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 20, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/gonzalez1997.msj.f&rs