McGREGOR W. SCOTT
United States Attorney
KELLI L. TAYLOR
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:15-cv-1997-MCE-DB<br><br>UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR A NINETY (90) DAY EXTENTION OF TIME TO "SUPPLEMENT MOTION TO AMEND OR ALTER JUDGMENT"  [ECF No. 151]<br><br>Date:            March 19, 2020 (vacated)<br>Time:           2:00 p.m.<br>Ctrm:           7, 14th Floor<br>Judge:          Hon. Morrison C. England, Jr. |

## I.      INTRODUCTION

Plaintiff has plagued his medical malpractice action with unnecessary delays since he filed it in 2015.  Plaintiff's current request for more delays to file a new brief, six months after it was originally due and after the opposition has been filed, should be denied.

Plaintiff already effected a four-month extension by filing his motion a month after the statutory deadline and then moving the original hearing date from December 5, 2019 to March 19, 2020.  (ECFs 139, 146, 148, 149).  Plaintiff's request for another 90 days to "supplement" his briefing after the opposition was filed is baseless.  Indeed, Plaintiff fails to offer any legal or factual support for his request.  Plaintiff's primary argument–that attorney Wright "has a willingness to represent [him] but is unable to do so now due to his present caseload"–is undermined by the "Notice of Appearance" that Mr. Wright filed (ECF 150) *before* this motion was filed (ECF 151).  Since Plaintiff is now represented by counsel, he cannot use that as an excuse and should not have filed this motion *pro se*.

Plaintiff also cannot justify delays based on his state court case or his complaints about the Assistant United States Attorneys ("AUSAs") and defense experts involved in this federal action, which complaints pre-dated the judgment herein. A motion for reconsideration is an extraordinary remedy based on narrow grounds. There was no error or change in the law and Plaintiff has failed to identify what "additional new and different" evidence he believes exists, his diligence in obtaining it, how he will get it in the next 90 days, and how it could impact the judgment in this case. Absent this information, Plaintiff is not entitled to more time. Plaintiff's argument that no prejudice results from these delays is false. This lawsuit has harmed the doctors' reputations, created an obstacle for Dr. Lee's career advancement, and followed Dr. Siegel into retirement. Delays also increase litigation costs, waste taxpayer money, and unnecessarily burden this Court, which is one of the busiest districts in the nation.

Plaintiff's stall tactics have already resulted in this case lasting nearly five years. Defendant is entitled to finality of this case and Plaintiff's motion should be denied.

## II.     FACTUAL BACKGROUND

Plaintiff, who claims he was injured in a 2009 car accident, filed this complaint on September 21, 2015, against the United States, private persons whom he contends are responsible for the car accident, and an insurance company. (ECF 1, ¶¶ 8-9). Plaintiff amended the complaint to allege that VA doctors "misdiagnosed and delayed proper testing and treatment of Plaintiff's head, back, and shoulder injuries, eventually leading to peripheral blindness and substantial injury." (ECF 11, 2:2-3). In 2016, this Court dismissed all defendants except the United States because they were improperly joined (ECF 17). The Court subsequently rejected Plaintiff's efforts to amend the complaint or add tangentially related claims and defendants to this medical malpractice case. (*e.g.*, ECFs 58, 86, 129). The following provides a brief overview of some of the delays Plaintiff caused in finalizing this action.

Plaintiff could have started conducting discovery in February 2017 (ECF 87-1 at ¶ 2), but instead sought to stay this case for a year so that he could focus on his state action. (ECFs 24, 25). Although this Court denied Plaintiff's stay request (ECFs 36, 38), he essentially gave himself that time by waiting eight months to start discovery. (ECF 87-1 at ¶ 2). After failing to conduct *any* discovery until October 2017, Plaintiff moved to extend the court ordered scheduling deadlines. (ECF 87-1 at ¶¶ 2, 3). The United States stipulated to an initial extension, giving Plaintiff three more months to disclose experts

OPP. TO PLAINTIFF'S MOTION FOR EOT TO SUPPLEMENT MOTION TO AMEND OR ALTER JUDGMENT
*GONZALEZ V. UNITED STATES*, 2:15-cv-1997 MCE DB

2

1  and complete discovery.  (*Id.*, ECF 48).

2  Plaintiff wasted that time too though, doing very little between December 2017, and June 2018. (ECF 87-1 at ¶ 3).  In fact, Plaintiff waited until April 2018, to finally depose the treating doctors whose care is at issue in this case.  (*Id.* at ¶ 5).  By that time, Plaintiff had already failed to comply with his initial (Dec. 22, 2017) and first extended (March 22, 2018) deadlines to disclose experts.  (ECF 48). After another month passed with no disclosure, the United States moved for summary judgment in May 2018, based on Plaintiff's lack of expert evidence, which is required in a medical malpractice action. (ECF 59).  The Magistrate Judge denied that motion without prejudice and gave Plaintiff yet another opportunity to disclose experts.  (ECF 67).  Instead of being diligent and productively using that further extension of time, Plaintiff chose to take only one deposition in late September 2018.  (ECF 87-1 at ¶ 6).

Thus, by late 2018, Plaintiff already had nearly a year and a half to complete discovery, including 8 months of additional time obtained through various extensions:

|  | **Original Schedule ECF 37 June 28, 2017** | **Order Amending ECF 48 Jan. 29, 2018** | **Order Amending ECF 67 June 18, 2018** | **Order Amending ECF 76 Oct. 3, 2018** | **Extra Time Already Given** |
|---|---|---|---|---|---|
| P Expert Dscl. | Dec. 22, 2017 | March 22, 2018 | Aug. 17, 2018 | Already Past | 8 months |
| D's Expert | Jan. 19, 2018 | May 3, 2018 | Sept. 7, 2018 | Already Past | 8 months |
| Rebuttal Experts | Feb. 2, 2018 | May 17, 2018 | Sept. 21, 2018 | Already Past | 7.5 mths |
| Discovery closes | March 2, 2018 | June 14, 2018 | Oct. 19, 2018 | Nov. 2, 2018 | 8 months |
| Disp. Mtns | April 20, 2018 | Aug. 3, 2018 | Dec. 7, 2018 | Dec. 21, 2018 | 8 months |
| Final Pre-trial | June 28, 2018 | TBD | TBD | TBD | TBD |
| Trial | Aug. 13, 2018 | TBD | TBD | TBD | TBD |

Despite all of this extra time, Plaintiff still sought even more delays.  (ECF 91).  Plaintiff's last request to extend the schedule was denied on December 6, 2018, as were several additional untimely motions that he filed.  (ECFs 106, 112, 113).

With discovery finally concluded, the United States again moved for summary judgment on November 9, 2018 (ECF 92).  The findings and recommendations were issued on May 21, 2019 (ECF 129), and the final order and judgment were entered on August 19, 2019 (ECFs 132, 133).  On the date a motion to amend the judgment was due, Plaintiff sought a two week extension of time to file it.  (ECF 135).  Although Plaintiff's request was never ruled on, he filed his Motion to Amend or Alter the

OPP. TO PLAINTIFF'S MOTION FOR EOT TO SUPPLEMENT MOTION TO AMEND OR ALTER JUDGMENT
*GONZALEZ V. UNITED STATES*, 2:15-CV-1997 MCE DB

3

Judgment on October 1, 2019. (ECF 139). That same day, Plaintiff filed a Notice of Appeal. (ECF 143). Plaintiff twice rescheduled the hearing on the Motion to Amend, thereby giving himself three additional months. (ECFs 143, 146, 148). Plaintiff stayed his appeal pending resolution of that motion.

### III.  ARGUMENT

#### A.  No Legal or Factual Basis Exists for Plaintiff's Request

Plaintiff has failed to cite any legal standards or authority supporting his request for another 90 days to "supplement" his brief, and thus four more months to have the motion heard. Plaintiff ignores the fact that he already violated Rule 59, which states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff failed to do that. Instead, the day the motion was due, Plaintiff sought a two week extension of time to file. (ECF 135). The United States opposed that request based on Federal Rule of Civil Procedure, Rule 6(b)(2), which expressly states, "A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." This Court has not ruled on Plaintiff's request and he filed his Motion on October 1, 2019–two weeks after the 28 days specified in the rule. (ECF 139). Plaintiff failed to satisfy Rule 60(b)(2)'s requirement that he show that any "newly discovered evidence" could not have been discovered, with reasonable diligence, in time to move for a new trial under Rule 59(b). Fed. R. Civ. Proc., 60(b)(2). Plaintiff also has failed to show that he satisfied the "reasonable time" requirement under the other sections of Rule 60(b). *Id.* at (c)(1). Plaintiff likewise failed to comply with Local Rule 230 (j)(1)-(4).

Even assuming arguendo that Plaintiff's initial belated motion to amend was somehow timely, Plaintiff then twice re-noticed it, thereby extending the hearing date by three months. Plaintiff now seeks another 90 day delay to "supplement" the motion that has now been opposed. Plaintiff fails to provide any legal authority supporting his request, nor does he explain how filing a motion six months after the initial deadline complies with the language or spirit of the governing rules. Deadlines must be "taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." *Id.* This is especially true since Plaintiff

Opp. To Plaintiff's Motion for EOT to Supplement Motion to Amend or Alter Judgment
*Gonzalez v. United States*, 2:15-cv-1997 MCE DB

4

failed to demonstrate any good cause for his request to "supplement" and further delay concluding this action. Good cause "primarily considers the diligence of the party seeking the amendment." *Johnson, v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (It is the moving parties' burden to demonstrate diligence and good cause.)

None of the substantive reasons Plaintiff gave to supplement his motion support the requested delay. Plaintiff's primary argument–that attorney Wright "has a willingness to represent [him] but is unable to do so now due to his present caseload"–is mooted by Mr. Wright's appearance in this action, which was filed *before* this motion for more time was filed. (ECFs 150, 151). Plaintiff has had years to get counsel involved in this action and cannot use that as an excuse to further postpone final resolution.

Plaintiff likewise cannot delay resolution of this action based on the status of his state court case, which apparently involves a claim against Plaintiff's automobile insurer, CSAA, for breach of contract and bad faith for their handling of his 2009 car accident claim. (ECF 151, Exhibit A). Nearly three years ago, this Court denied Plaintiff's request to stay this action so that he could proceed with only that state case. (ECFs 24, 25, 36, 38). Tellingly, this federal case has proceeded to judgment, whereas the state case is still just at the initial pleading and demurrer stage. (ECF 151, Exhibit A). This fact alone shows it is not appropriate to delay this federal case for the state one. Additionally, Plaintiff's claim that he used the "deposition testimony of Dr. Bash and Dr. Hu" for the demurrer is irrelevant. (Plaintiff's Dec., ECF 151, Dec., ¶ 3). Even if true, those depositions were taken in the federal action and existed before judgment was entered and thus does not constitute new evidence or a basis to further delay finalizing the judgment. Moreover, Plaintiff has not shown that the state court's standard of review on a demurrer is the same as the standards for summary judgment in this federal action. Plaintiff has once again not identified any legitimate reason to delay finalization of this federal action for the state court proceedings.

Plaintiff's complaints about the AUSAs and defense experts involved in this federal action also cannot justify further delays–nor can they provide a basis to seek reconsideration of the judgment. These complaints are not new. Indeed, fifteen months ago, Plaintiff unsuccessfully sought to amend the complaint (ECFs 110, 111) to include these very grievances. (ECF 110, 3:13-15). Plaintiff's angst apparently arises from his displeasure that the defense expert included a "pertinent health and social

OPP. TO PLAINTIFF'S MOTION FOR EOT TO SUPPLEMENT MOTION TO AMEND OR ALTER JUDGMENT
*GONZALEZ V. UNITED STATES*, 2:15-CV-1997 MCE DB

5

history" section in his rebuttal report that summarized medical records before the 2009 motor vehicle accident, and noted that Plaintiff lost "his dental license" over allegations of improper sexual misconduct. (ECF 95, Ex. 3, at 1). Plaintiff construes this statement as a "personal character attack" and alleged that the doctor did not "produce admissible evidence to support them"–even though the report cited specific page references to each statement made. (ECF 95, 3:7-22). Plaintiff previously sought to amend his complaint to include "fiduciary breach and civil conspiracy between [the defense expert] and others to gain a psychological and emotional advantage over Plaintiff." (Mtn., ECF 95, 4:23-25, *see also* 7:23-26)[1]. These appear to be the same complaints Plaintiff asserts in the current motion for more time, as evidenced by his inclusion of the VA's Privacy Practices as attachment B. (ECF 151). These years old, and baseless, complaints cannot justify Plaintiff's current request for more time. Plaintiff is always complaining about someone or something, which led the state courts to deem him a vexatious litigant. (ECF 151, p. 7).

Finally, Plaintiff's unspecified promises to provide "additional new and different" evidence is a song that has played on repeat throughout this litigation. For example, on December 6, 2018, this Court denied Plaintiff's Motion to Amend without prejudice stating, in part:

> Plaintiff's motion for further leave to amend acknowledges Rule 16(b), but fails to discuss with any specificity why good cause exists for granting plaintiff further leave to amend. Plaintiff's motion does not even address the need for further leave in any detail. Instead, plaintiff simply asserts in a vague and conclusory manner that plaintiff seeks to allege 'new and different claims and parties,' and 'new and different facts,' which plaintiff allegedly discovered in May and September of 2018. (Pl.'s Mot. LTA (ECF 77) at 1-2.)
>
> Moreover, the motion asserts that a proposed second amended complaint is 'attached as Exhibit A.' (Id. at 3.) As noted by defendant's opposition, plaintiff's motion did not in fact include a proposed second amended complaint, as required by Local Rule 137(c). (Def.'s Opp'n (ECF No. 86) at 1.) Without the ability to review plaintiff's proposed second amended complaint, the undersigned cannot determine if granting plaintiff further leave to amend would be futile or if plaintiff has been diligent in seeking further leave to amend.

---

[1] The United States opposed Plaintiff's request to amend on several grounds including that an attempt to sue doctors based on their summary of Plaintiff's medical records would be futile. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Any suit alleging civil and constitutional claims against the United States, or against its employees in their official capacity, are barred by sovereign immunity absent statutory waiver. *See, e.g.*, *Gilbert v. DaGrossa*, 756 F.2d 1455, 1457-58 (9th Cir. 1985).

OPP. TO PLAINTIFF'S MOTION FOR EOT TO SUPPLEMENT MOTION TO AMEND OR ALTER JUDGMENT
*GONZALEZ V. UNITED STATES*, 2:15-CV-1997 MCE DB

6

(ECF 106, at 3:6-17).

Once again, Plaintiff promises "new and different" facts (ECF 151, 2:14), yet fails to provide any specifics with respect to what those facts are, why more time is needed to get them, how he will get them in the next 90 days when he has not marshalled them over the past several years, how he has been diligent in getting them in the past 5 years, and how they would impact his pending motion for reconsideration. Absent this information, Plaintiff has not shown good cause exists to further delay finalization of this action. Additionally, Plaintiff is not allowed to try to correct these deficiencies in a reply brief. *Thompson v. C.I.R.*, 613 F.2d 642, 644 (9th Cir. 1980).

### B.  Prejudice Results From Continued Delays

The United States, its employees, and this Court are all prejudiced by Plaintiff's lack of diligence and continued delays in this case. This case has been a dark cloud hanging over the doctors for nearly five years. (Broderick Dec., ECF 102-3 at ¶5; Dr. Lee Dec., ECF 102-1 at ¶¶ 2-4; Dr. Siegel Dec., ECF 102-2 at ¶¶ 3-6). Under the original schedule, this case should have been concluded years ago and the doctor's names fully cleared. (ECF 37). Yet the litigation drags on. For Dr. Lee, this litigation has caused a distraction from her work, resulted in stress and sleepless nights, harmed her reputation, and created an obstacle for her career advancement. (Lee Dec., ECF 102-1at ¶4). For Dr. Siegel, this litigation continues to haunt him, even in retirement. (Siegel Dec., ECF 102-2 at ¶¶ 3-6). Courts recognize that malpractice lawsuits have "attendant consequences to [a doctor's] reputation and insurability," *Jutzi v. Cty. of Los Angeles*, 196 Cal. App. 3d 637, 651, 242 Cal. Rptr. 74, 81 (Ct. App. 1987), and that "divert[ing] the doctor's attention from the operating room to the courtroom leaves much to be desired." *Clark v. Gibbons*, 66 Cal. 2d 399, 418, 426 P.2d 525, 538 (1967).

Plaintiff's delay tactics have also forced the United States to waste nearly $15,000 and spend resources that could be devoted to other legitimate needs. (Broderick Dec., ECF 102-3 at ¶ 6). For example, Plaintiff was ordered to provide his expert reports first, so that the United States could evaluate his theories of medical liability backed up by evidence, and respond to them *before* incurring expert expenses in this case. (ECFs 29, 30, & 37). Plaintiff's failure to disclose any reports by the already-extended March 22, 2018, deadline forced the United States to do its report first, guessing at Plaintiff's theories. Plaintiff then caused additional taxpayer dollars to be spent by passing off a doctored draft

OPP. TO PLAINTIFF'S MOTION FOR EOT TO SUPPLEMENT MOTION TO AMEND OR ALTER JUDGMENT
*GONZALEZ V. UNITED STATES*, 2:15-cv-1997 MCE DB

7

report as an official expert report. (Broderick Dec., ECF 102-3 at ¶ 6, ECF 92-3, Exh. C, at 19:9-11 & 20:3-5; *see also Id*. at p. 20:13-14) (Q. "So this Exhibit 1 is not your report?," A. "Right.").

Plaintiff's delays also harm this Court. As set forth above, Plaintiff had ample time to complete the necessary and desired actions in this case. Plaintiff simply chose not to do so. Instead, he prioritized his state court lawsuit and litigated his other cases over compliance with this Court's schedule. Tellingly, the docket from Plaintiff's state court case contains over 425 activities in less time than this case has been pending. (Broderick Dec., ECF 102-3 at ¶ 8, Ex. G). Plaintiff filed 179 of those 425 documents. *Id.* In addition to prioritizing other cases, Plaintiff squandered the repeated extensions that this Court gave him. Instead of devoting his time and efforts to matters that will move this case to conclusion, Plaintiff elected to spend his time filing five pending baseless motions. (ECFs 77, 90, 91, 95, 98). This Court has one of the busiest dockets in the nation and should not be forced to spend time on unwarranted motions motivated by Plaintiff's delay tactics. (*Eastern District Judges Beg Congress for Reinforcements*, Cal Lawyer Daily Journal, June 20, 2018, by Joshua Sebold, at https://www.dailyjournal.com/articles/348022-eastern-district-judges-beg-congress-for-reinforcements; Judge O'Neill Letter to Congress, June 19, 2018, Ex. J to Broderick Dec.). This Court should not allow Plaintiff to further waste its limited time and resources.

Plaintiff has repeatedly, and needlessly, delayed final resolution of this federal action and no additional delays should occur. The history of this action shows that Plaintiff will continually seek more time and not conclude anything unless required to. This Court should say no.

## IV.   CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's request for a 90 day extension of time to supplement his motion.

Dated:  March 5, 2020

McGREGOR W. SCOTT
United States Attorney

*/s/ Kelli L. Taylor*
KELLI L. TAYLOR
Assistant United States Attorney

OPP. TO PLAINTIFF'S MOTION FOR EOT TO SUPPLEMENT MOTION TO AMEND OR ALTER JUDGMENT
*GONZALEZ V. UNITED STATES*, 2:15-CV-1997 MCE DB

8