McGREGOR W. SCOTT
United States Attorney
KELLI L. TAYLOR
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | No. 2:15-cv-1997-MCE-DB<br><br>UNITED STATES' REQUEST TO STRIKE PLAINTIFF'S "AMENDED REPLY" BRIEF [ECF No. 156]<br><br>Date:     March 19, 2020 (vacated)<br>Time:    2:00 p.m.<br>Ctrm:    7, 14th Floor<br>Judge:   Hon. Morrison C. England, Jr. |

This Court should exercise its inherent powers to strike Plaintiff's untimely, and inaccurate, "amended reply" brief that was filed after the vacated hearing was scheduled to occur. *Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund*, No. 1:11-cv-02048 LJO SKO, 2013 WL 663483, at *1 (E.D. Cal. Feb. 22, 2013), *Timbisha Shoshone Tribe v. Kennedy*, No. CVF 09-1248 LJO SMS, 2010 WL 582054, at *2 (E.D. Cal. Feb 18, 2010); E.D.C.A. L.R. 110.

In addition to being untimely, the amended reply is also based on several false claims.  First, the United States did not "default" (ECF 156, 5:6) on over 200 requests for admission, nor were they automatically deemed admitted.  *Id.*, 4:22-5:10.  Instead, the United States *timely* responded to these requests more than three years ago, which Plaintiff's counsel acknowledges in the background statement of his brief despite later claiming otherwise.  *Id.*, 2:16-19.[1]  This alone dooms Plaintiff's argument that

---

[1] Plaintiff has admitted in other filings to this Court that the United States timely responded to his requests for admission, and even attached those responses to his untimely motion.  (ECF 113-1, 2:17, ECF 113, Ex. 6, 11).

REQUEST TO STRIKE PLAINTIFF'S "AMENDED REPLY" BRIEF
*GONZALEZ V. UNITED STATES*, 2:15-CV-1997 MCE DB                                                                                                1

the requests were automatically deemed admitted under Federal Rule of Civil Procedure 36(a).

Second, the Findings and Recommendations do not, as Plaintiff represents, state that Rule 36(a) "required inclusion of 'admissions on file' against the United States as moving party and in favor of Plaintiff." (ECF 56, 5:13-18). To the contrary, this Court *denied* Plaintiff's untimely discovery motion after he missed multiple extended deadlines.[2] (ECF 129, p. 3). Plaintiff did not even file his discovery motion regarding the requests for admission until after the motion for summary judgment–and his opposition–were filed. (ECFs 92, 108, 112, 122).

Third, Plaintiff did not rely on the requests for admission when opposing summary judgment. Plaintiff did not cite to them in his opposition brief or separate statements, nor did he attach them as exhibits to his declaration. (ECFs 108, 119). Plaintiff's failure to cite the requests or responses demonstrate they could not have been used to try to defeat summary judgment. Additionally, Plaintiff's failure to cite them when the motion was pending precludes him from attempting to rely on them now to justify reconsideration.

Fourth, Plaintiff's statement that his "expert" provided admissible testimony "on breach of the standard of care" (ECF 156, 7:7-10) is false. Both the District and Magistrate Judges agreed that Plaintiff lacked *any* admissible expert opinions (ECFs 129, 132). Accordingly, summary judgment was appropriately granted in this medical malpractice case. (ECF 132).

Fifth, Plaintiff's "unclean hands" argument is false. The claim that the United States "misled" this court (ECF 156, 9:5) about the comparability of this case to *Woodward v. United States* is frivolous. *Woodward v. United States,* No. 2:13-cv-00048-MCE-EFB, 2016 WL 5159589 (E.D. Cal. 2016). This Court issued the *Woodward* decision and thus is readily familiar with it and capable of determining its applicability to this action. Plaintiff's other arguments are equally unmeritorious and were previously addressed. Thus, they do not warrant a further response herein.

Plaintiff's current filing, if considered, demonstrates, yet again, that this Court should deny his unfounded challenges, reject his untimely filings, and confirm judgment for the United States.

---

[2] In addition to being untimely, Plaintiffs' challenge was factually and legally unsupported. (Joint Statement re RFAs, ECFs 121, 122).

Dated:  April 3, 2020

McGREGOR W. SCOTT
United States Attorney

*/s/ Kelli L. Taylor*
KELLI L. TAYLOR
Assistant United States Attorney