1  McGREGOR W. SCOTT
   United States Attorney
2  KELLI L. TAYLOR
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone:  (916) 554-2700
   Facsimile:  (916) 554-2900
5
   Attorneys for the United States
6

7                  IN THE UNITED STATES DISTRICT COURT

8                  EASTERN DISTRICT OF CALIFORNIA

9

10  DANIEL E. GONZALEZ,                      No. 2:15-cv-1997-MCE-DB

11                       Plaintiff,
                                              UNITED STATES' REQUEST TO STRIKE
    v.                                        PLAINTIFF'S UNTIMELY DECLARATION
12                                            AND EXHIBITS [ECF 159]
    UNITED STATES OF AMERICA,
13
                         Defendant.
14

15

16         This Court should strike the untimely and improper new declaration and exhibits that Plaintiff

17  filed six months after originally noticing his motion (ECF 139), and five weeks after the vacated hearing

18  was scheduled to occur on March 19, 2020 (ECF 149).

19         This Court should exercise its inherent powers to manage and control its docket and strike

20  Plaintiff's untimely declaration and exhibits.  *Board of Trustees of IBEW Local Union No. 100 Pension*

21  *Trust Fund.*, No. 1:11-cv-02048 LJO SKO, 2013 WL 663483, at *1 (E.D. Cal. Feb. 22, 2013), *Timbisha*

22  *Shoshone Tribe v. Kennedy*, No. CVF 09-1248 LJO SMS, 2010 WL 582054, at *2 (E.D. Cal. Feb 18,

23  2010); E.D.C.A. L.R. 110.

24         The new declaration and attachments should also be stricken because Plaintiff cannot submit

25  new arguments and documents in a reply brief–let alone after a matter has been fully briefed and

26  submitted.  "Arguments not raised by a party in its opening brief are deemed waived." *United States v.*

27  *Romm*, 455 F.3d 990, 997 (9th Cir. 2006) (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir, 1999));

28  *see also Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066, n. 5 (9th Cir, 2003) ("[W]e decline to consider

REQUEST TO STRIKE PLAINTIFF'S UNTIMELY DECLARATION AND EXHIBITS [ECF 159]
*GONZALEZ V. UNITED STATES*, 2:15-CV-1997 MCE DB                                    1

1  new issued raised for the first time in a reply brief.”); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996)

2  (“issues raised for the first time in the reply brief are waived.”); *State of Nev. v. Watkins*, 914 F.2d 1545,

3  1560 (9th Cir. 1990) (“[Parties] cannot raise a new issue for the first time in their reply briefs.”); *Ass'n*

4  *of Irritated Residents v. C & R Vanderham Dairy*, 435 F.Supp.2d 1078, 1089 (E.D. Cal. 2006) (“It is

5  inappropriate to consider arguments raised for the first time in a reply brief.”).

6       Additionally, the deposition excerpts attached as Exhibits A to D should be struck because they

7  existed before the summary judgment briefing and thus could have been raised then.  *Fleener v. Trinity*

8  *Board. Network*, 203 F. Supp. 2d 1142, 1151 (C.D. Cal. 2001) (Issues not considered because they were

9  raised for the first time in a summary judgment reply brief cannot be raised in a motion for

10  reconsideration).  Here, Plaintiff could have presented all this evidence during the summary judgment

11  briefing.  Specifically, Doctors Lee and Siegel were deposed on April 27, 2018 (Plaintiff's Exhibits C

12  and D), Dr. Hu was deposed on September 27 2018, (Ex. A), and Dr. Bash was deposed on October 31,

13  2018 (Ex. B).  It was only after these depositions occurred that the United States moved for summary

14  judgment on November 9, 2018 (ECF 92), and Plaintiff filed his opposition on December 7, 2018 (ECF

15  108).  Thus, *if* Plaintiff wanted this existing information to be considered in opposing summary

16  judgment, he had an opportunity to include it at the time and it cannot form the basis for his current

17  request for reconsideration.  *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) (Courts

18  will not consider Rule 59(e) motions “where the grounds for amendment are restricted to either

19  repetitive contentions of matters which were before the court in its prior consideration or contentions

20  which might have been raised prior to the challenged judgment.”).  A motion for reconsideration may

21  not be used to raise an argument or present evidence for the first time when they could reasonably have

22  been raised earlier in the litigation.  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.

23  2000)*, see also, 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *Novato Fire*

24  *Prot. Dist. v. United States,* 181 F.3d 1135, 1142 , n. 6 (9th Cir. 1999) (“A district court has discretion to

25  decline to consider an issue raised for the first time in a motion for reconsideration.”); *Spacey v. Burgar,*

26  207 F. Supp. 2d 1037, 1054 (C.D. Cal. 2001) (“[T]his Court need not address an issue raised for the first

27  time in a reconsideration motion.”).  This information likewise does not support a request for relief

28  under Rule 60(b).  Fed. R. Civ. Pro. 60(b)(1)-(6), (c)(1).  (ECF 153).

REQUEST TO STRIKE PLAINTIFF'S UNTIMELY DECLARATION AND EXHIBITS [ECF 159]
*GONZALEZ V. UNITED STATES*, 2:15-CV-1997 MCE DB

2

1    Exhibits E and F should also be stricken as untimely and irrelevant.  Fed. R. Evid. 402.  Two

2  months after this Court entered judgment in favor of the United States in this case last August (ECFs

3  132, 133), Plaintiff filed an FTCA administrative claim complaining about the prior AUSA who litigated

4  this suit and a retained doctor that prepared a summary of Plaintiff's medical records (Exhibit E).  The

5  recent denial of that claim (Exhibit F) does not create a triable issue of material fact in this medical

6  malpractice action.  (ECFs 129, 132).  Plaintiff cannot salvage this medical malpractice action by

7  manufacturing a complaint against the former AUSA and expert.

8    This is especially true here because Plaintiff's complaints about the former AUSA and defense

9  expert are not new and existed prior to summary judgment being sought.  Indeed, immediately after the

10 United States' experts were disclosed, Plaintiff expressed displeasure that the defense expert included a

11 "pertinent health and social history" section, which noted, with citations to specific records, that Plaintiff

12 lost "his dental license" over allegations of improper sexual misconduct.  (ECF 95, Ex. 3, at 1).  Plaintiff

13 construes this statement as a "personal character attack" and "an attempt to gain a psychological and

14 emotional advantage over Plaintiff."  (ECF 95, 3:7-26, 4:23-25).  During the litigation, Plaintiff

15 unsuccessfully sought leave to amend to sue the former AUSA and defense expert over these issues.

16 (ECF 110, 111).  Plaintiff also apparently subsequently filed a FTCA administrative claim regarding

17 these same issues (Exhibits E, F).  Plaintiff's FTCA claim is irrelevant, however, to the motion for

18 summary judgment and judgment in this case.  The United States' motion was based solely on Plaintiff's

19 failure to have an expert that supports his medical malpractice action.  (ECF 92-1).  The United States

20 did not submit it's expert reports in support of its motion and thus the complained of report could not

21 have impacted this Court's ruling nor justify Plaintiff's current motion.  Accordingly, it cannot justify

22 reconsideration of judgment in this case.

23    The foregoing demonstrates that Plaintiff's current filing [ECF 159] should be stricken and that,

24 even if considered, nothing in Plaintiff's filing demonstrates this Court's ruling was in error.  This Court

25 appropriately found that without admissible expert testimony, Plaintiff could not carry his legal burden

26 and the United States is entitled to judgment as a matter of law.  Accordingly, Plaintiff's motion for

27 reconsideration should be denied.

28 ///

REQUEST TO STRIKE PLAINTIFF'S UNTIMELY DECLARATION AND EXHIBITS [ECF 159]
*GONZALEZ V. UNITED STATES*, 2:15-CV-1997 MCE DB

3

1

2   Dated:  April 29, 2020                    McGREGOR W. SCOTT
                                              United States Attorney
3

4                                             */s/ Kelli L. Taylor*
                                              KELLI L. TAYLOR
5                                             Assistant United States Attorney

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST TO STRIKE PLAINTIFF'S UNTIMELY DECLARATION AND EXHIBITS [ECF 159]
*GONZALEZ V. UNITED STATES*, 2:15-CV-1997 MCE DB

4