UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. GONZALEZ, | No. 2:15-cv-01997 MCE DB |
| Plaintiff, | |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

    Through this lawsuit, Plaintiff Daniel Gonzalez ("Plaintiff") seeks damages against the government under the Federal Tort Claims Act ("FTCA") on grounds that the Department of Veterans Affairs ("VA") negligently diagnosed and treated injuries he sustained as a result of a 2009 automobile accident. After instituting the action in 2015, and following numerous discovery-related extensions obtained by Plaintiff, the government moved for summary judgment on November 9, 2018, arguing that because Plaintiff had no expert testimony to support his medical malpractice case, his action could not be maintained. ECF No. 92. By Findings and Recommendations dated Mary 20, 2019, the assigned Magistrate Judge recommended denial of the government's motion even though she agreed that there was no expert testimony to the applicable standard of care or causation in this medical malpractice case. ECF No. 129. On August 19, 2019, the undersigned rejected those findings and recommendations, noting

that while suits against the government under the FTCA apply state substantive law, federal law governs matters of procedure. ECF No. 132. The Court reasoned that although California law requires a defendant moving for summary judgment to make a factual showing of entitlement to judgment as a matter of law before shifting the burden to Plaintiff, federal law contains no such requirement. As the Ninth Circuit noted in Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1102, 1105-06 (9th Cir. 2000), there is nothing in federal law requiring a defendant to come forward with its own affirmative evidence after meeting its initial burden of demonstrating the lack of evidence required to sustain a cause of action.

Applying California substantive law, as it must, the Court determined that causation in a medical malpractice claim like this one has to "be proven within a reasonable medical probability based on competent expert testimony." Jones v. Ortho Pharmaceutical Corp., 163 Cal. App. 3d 396, 402-03 (1985). Because "expert testimony [is] essential to prove causation," without such testimony, "plaintiff fail[s] to meet his burden on an essential element of the cause of action." Gotschall v. Daley, 96 Cal. App. 4th 479, 484 (2002). The Court went on to find, however, that application of federal procedural law pertaining to summary judgment, under Federal Rule of Civil Procedure 56,[1] made the government's motion for summary judgment proper since Plaintiff failed to demonstrate a required element for medical malpractice through expert evidence of causation. Consequently, the Court rejected the Magistrate Judge's recommendation that summary judgment be denied and directed that judgment as a matter of law be entered on the government's behalf. That judgment was entered on August 19, 2019. ECF No. 133.

The Motion now before this Court, filed on September 30, 2019, seeks to alter or amend that judgment pursuant to Rules 59(e) and 60(b). Plaintiff also concurrently filed a Notice of Appeal that same day with the Ninth Circuit Court of Appeals. ECF No. 143.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

The Court initially notes that under Rule 59(e), any "motion to alter or amend a judgment must be filed not later than 28 days after the entry of the judgment." Because the present motion was filed well over a month post-judgment, it is time-barred by Rule 59. While Plaintiff filed a request for extension of two weeks to file his motion on September 13, 2019 (ECF No. 135), the government opposed that request three days later, pointing out that under Rule 6(b)(2), "[a] court must not extend the time under Rule…. 59(e)." Consequently, the Court cannot grant Plaintiff's extension request and his Motion insofar as it pertains to Rule 59(e) is untimely.

That leaves Plaintiff's alternative ground for relief under Rule 60(b), which permits motions brought within a "reasonable" time. The statute allows relief from a final judgment under various enumerated conditions, including 1) mistake, inadvertence, surprise or excusable neglect; 2) newly discovered evidence, which with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; 3) fraud, misrepresentation or misconduct of an opposing party; and 4) any other reason justifying relief. See Fed. R. Civ. P. 60(b).

In making the present Motion, Plaintiff does not even specify which provision of the Rule 60(b) he relies upon. He does not argue that any "inadvertence, surprise, or excusable neglect" was present. Nor has he shown any "newly discovered evidence" justifying relief, and Plaintiff's arguments of fraud border on the nonsensical. With respect to mistake, while Plaintiff argues that a series of "factual determinations" were not made, and that he was deprived of an evidentiary hearing, those contentions miss the mark. The crucial issue for purposes of summary judgment was whether Plaintiff could produce any expert evidence to support his claim that the medical treatment he received ran afoul of that standard of care. Once the government showed that no expert testimony had been provided, as both the Magistrate Judge and this Court agreed, Plaintiff had to come forward with admissible evidence to show otherwise, and he failed to do so. That made summary judgment proper, and these findings present no clear error justifying relief under the final provision of Rule 60(b), which permits the Court to

afford redress for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under that subdivision should be granted only "sparingly" and in "extraordinary circumstances" to correct an erroneous judgment. See Navajo Nation v. Dep't of the Interior, 876 F.3d 1144, 1173 (9th Cir. 2017). No such circumstance is present here. Plaintiff's Motion to Alter or Amend Judgment accordingly fails.

The Court notes that Plaintiff has also filed an additional Motion seeking another 90 days to "supplement" his original Motion for relief from judgment, perhaps in a tacit admission of the defects in his original request. ECF No. 151. That Motion is equally unavailing. Not only has Plaintiff failed to offer any legal support for his position, he fails to identity just what new and different information he believes may exist, his diligence in obtaining it to date, how he can get further information within the next 90 days, and how it could impact the judgment already entered. Although he states he wants more time in order to "better present new and different material facts based on changed circumstances" (see id. at p. 2), Plaintiff fails to coherently argue just what evidence he has in mind. In addition, this case has been ongoing nearly five years, and as indicated above Plaintiff has already obtained repeated extensions to engage in the discovery needed to prosecute his claim. Any further attempt to do so now, once judgment has already been entered, is simply too late.

Based on all the foregoing, the Court orders as follows:[2]

1. Plaintiff's Motion to alter or Amend Judgment (ECF No. 139) is DENIED;

2. Plaintiff's Motion for Extension of Time as to his Rule 59 Motion (ECF No. 135) is DENIED; and

///
///
///
///

---

[2] Having determined that oral argument would not be of material assistance, the Court ordered the Motions submitted on the briefs in accordance with Local Rule 230(g).

3. Plaintiff's additional Motion for 90-Day Extension (ECF No. 151) is also DENIED.[3]

IT IS SO ORDERED.

Dated: May 19, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3] Finally, the Court notes that the government has moved to strike Plaintiff's "Amended" Reply in Support of its Motion to Amend (ECF No. 156), which was filed on April 2, 2020, well after the March 19, 2020 hearing date on the Motion. Since the "amended" reply was clearly untimely, Defendant's Request to Strike (ECF No. 157) is GRANTED.