1

**Daniel Gonzalez**
**4300 Black Avenue**

2

**P.O. Box 847**
**Pleasanton CA 94566**

3

**Telephone (916) 247-6886**

4

**Plaintiff, Pro Se**



5

6

7

## UNITED STATES DISTRICT COURT

8

### FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

**DANIEL E. GONZALEZ,**

**CASE NO. No.: 2:15-CV-1997 MCE DB PS**

11

        **Plaintiff,**

**REQUEST FOR AN ORDER TO FILE A**
**SECOND NOTICE OF APPEAL TO THE**

12

**vs.**

**NINTH CIRCUIT ON ORDER ENTERED MAY**
**20, 2020 [ECF 125 TO ECF 161]**

13

**UNITED STATES OF AMERICA,**

**RULE 4(a)(1)(B)(i), (iii), (iv); (a)(4) (ii), (iv) & (vi)**
*[Concurrently filed, Request To Proceed Pro Se]*

14

**DOES 1 to 20, Inclusive,**

15

        **Defendants.**

16

17

**TO THE CHIEF JUDGE OF THE EASTERN DISTRICT OF CALIFORNIA:**

18

NOTICE IS HEREBY given that Daniel E. Gonzalez ("Plaintiff") submits this request for an

19

Order permitting this "Second Notice of Appeal" after the order issued by the district judge based on

20

Rules 59 and 60 entered on May 20, 2020. [ECF 161.]

21

Plaintiff seeks leave to proceed in pro se status and thus hereby submits this "Second Notice of

22

Appeal" preserving his right to appeal the Order entered on May 20, 2020. Rule 4(a)(1)(B)(i), (iii), (iv);

23

(a)(4) (ii), (iv) & (vi).  The appeal is believed to have merit based on the following grounds:

24

**A. The district court violated Due Process regarding Rule 59.**

25

The district judge denied relief under Rule 59 on the Motion to Alter or Amend as follows:

26

> "The Court initially notes that under Rule 59(e), any "motion to
> alter or amend a judgment must be filed not later than 28 days after the

27

> entry of the judgment." Because the present motion was filed well over a
> month post-judgment, it is time-barred by Rule 59. While Plaintiff filed a

28

> request for extension of two weeks to file his motion on September 13,
> 2019 (ECF No. 135), the government opposed that request three days

REQUEST FOR AN ORDER TO FILE A SECOND NOTICE OF APPEAL
TO THE NINTH CIRCUIT ON ORDER ENTERED MAY 20, 2020 [ECF 125 TO ECF 161]

- 1 -

later, pointing out that under Rule 6(b)(2), "[a] court must not extend the time under Rule…. 59(e)." Consequently, the Court cannot grant Plaintiff's extension request and his Motion insofar as it pertains to Rule 59(e) is untimely." [ECF 161, at 3:1-8];

**The appeal contends that the district judge denied both procedural and substantive due process on the ex parte notice for Rule 59 relief resulting in 'clear error" and "manifest injustice."**

1. Plaintiff filed a timely giving notice for a Rule 59 motion on September 13, 2019, within 28 days of the Order [ECF 132, 133], stated as follows:

   a. "Under Rule 59, the current deadline to file a noticed motion to alter or amend judgment is Tuesday, September 17, 2019."

   [ECF No. 135, at 2:1-2]

2. Plaintiff timely identified ex parte his intent to motion under Rule 59 on Due Process grounds stated as follows:

   a. "Good cause exist to bring the motion to alter or amend the judgment. *United States v. Thoms*, 684 F.3d 893, 896 (9th Cir. 2012). In *Thoms*, the Ninth Circuit expanded the de novo hearing requirement to cover all litigants when a district court rejects a magistrate's proposed finding without conducting a new hearing. (Id.) The magistrate's findings & recommendations along with plaintiff's exhibits in opposition to summary judgment contained live medical expert testimony demonstrating the inference of proximate causation. Thus, there appears to be a good faith belief the judgment of dismissal should be altered or amended on due process and equal protection grounds. (See, Declaration of Daniel Gonzalez, ¶ 4, below)"

   [ECF No. 135, at 2:14-22]

**B. The district court violated Due Process regarding Rule 60.**

The district judge denied relief under Rule 60 on the Motion to Alter or Amend as follows:

"With respect to mistake, while Plaintiff argues that a series of "factual determinations" were not made, and that he was deprived of an evidentiary hearing, those contentions miss the mark. The crucial issue for purposes of summary judgment was whether Plaintiff could produce any expert evidence to support his claim that the medical treatment he received ran afoul of that standard of care. Once the government showed that no expert testimony had been provided, as both the Magistrate Judge and this Court agreed, Plaintiff had to come forward with admissible evidence to show otherwise, and he failed to do so." [ECF 161, at 3:19-27]

**The appeal contends that the district judge denied procedural due process, substantive due process, and equal protection because plaintiff did come forth with admissible medical expert testimony when he lodged the depositions of Dr. Samuel Hu, David Siegel, and Jean Lee after the district judge rejected the magistrate judge's findings and recommendations without an evidentiary hearing.** [ECF 140, ECF 141, and ECF 142.]

1. The Order contains no factual analysis <u>in favor to plaintiff</u> (non-moving party) based on the <u>uncontested</u> testimony of plaintiff's disclosed treating medical expert, Dr. Samuel Hu, that established the <u>standard of care</u> for the proper diagnosis of a rotator cuff tears; [ECF 140, and ECF 159, Ex. A, at RT7:10-21, RT21:3-10, RT21:20-RT22:15, RT32:20-RT35:6, RT40:1-11, RT45:5-19, RT48:2-22, RT71:1-6];

2. The Order contains no factual analysis <u>in favor to plaintiff</u> (non-moving party) based on the <u>uncontested</u> testimony of Dr. Samuel Hu, plaintiff's disclosed treating medical expert, that established the <u>standard of care</u> for the proper treatment of a rotator cuff tears; [ECF 140, and ECF 159, Ex. A, at RT7:10-21, RT21:3-10, RT40:1-11, RT45:5-25, RT63:10- RT 64:11; RT101:4-18];

3. The Order contains no factual analysis <u>in favor to plaintiff</u> (non-moving party) based on the <u>uncontested</u> testimony of plaintiff's disclosed treating medical expert, Dr. Samuel Hu, that established the <u>government doctors failed</u> to properly care for plaintiff between July 2009 and July 2013; [ECF 140, and ECF 159, Ex. A, at RT7:10-21, RT21:3-10, RT37:4-RT38:24, RT40:1-RT41:11, RT92:12- RT 94:9; RT101:4-18];

4. The Order contains no factual analysis <u>in favor to plaintiff</u> (non-moving party) based on the <u>uncontested</u> testimony of plaintiff's designated medical expert, Dr. Craig Bash, that established the <u>government doctors misdiagnosed</u> plaintiff's rotator cuff tears between July 2009 and July 2013; [ECF 126, and ECF 159, Ex. B, at RT32:10-14; ];

5. The Order contains no factual analysis <u>in favor to plaintiff</u> (non-moving party) based on the <u>uncontested</u> testimony of plaintiff's designated medical expert, Dr. Craig Bash, that established the <u>government doctors failed to properly treat</u> plaintiff's rotator cuff tears and <u>breached the standard of care</u> and <u>caused vision damage</u> between July 2009 and July 2013; [ECF 126, and ECF 159, Ex. B, at RT34:17-RT35:11, RT47:21-RT48:16, RT51:21-RT52:3];

6. The Order contains no factual analysis <u>in favor to plaintiff</u> (non-moving party) based on the deposition testimony taken from <u>VA Dr. David Siegel admitting that he failed to use or order an MRI, failed to document or monitor risk factors or Motrin dosage leading to left eye vision loss (eye stroke) as a cardiovascular event, failed to timely refer to an orthopedic surgical evaluation within six months, failed to properly treat tendinosis,</u> and <u>failed to properly treat</u> plaintiff's rotator cuff tears, thus established

REQUEST FOR AN ORDER TO FILE A SECOND NOTICE OF APPEAL
TO THE NINTH CIRCUIT ON ORDER ENTERED MAY 20, 2020 [ECF 125 TO ECF 161]

- 3 -

breach of the standard of care; [ECF 141, and ECF 159, Ex. C, at RT29:3-14, RT30:21-RT31:15, RT31:29-RT32:11, RT39:10-23, RT45:8-10, RT, RT51:25-RT52:RT53:20, RT124:15-19, RT127:20-RT128:18, RT129:2-4, RT129:16-19, RT132:15-20, RT133:6-13, RT137:8-10, RT141:8-11, RT141:14-17, RT148:22-RT149:11, RT149:18-21];

7. The Order contains no factual analysis in favor to plaintiff (non-moving party) based on the deposition testimony taken from VA Dr. Jean Lee admitted that she failed to use or order an MRI, failed to refer to an orthopedic surgical evaluation within six months, and failed to properly treat plaintiff's rotator cuff tears and tendinosis, thus established breach of the standard of care; [ECF 142, and ECF 159, Ex. D, at RT25:19-23, RT36:14-24, RT37:5-RT38:13, RT48:14-20, RT49:3-9, RT69:2-17, RT69:23-RT70:1-17].

**C. The district court violated Due Process under Rule 60(b)(6) and Rule 36(a).**

The district judge denied relief under Rule 60 on the Motion to Alter or Amend as follows:

> That made summary judgment proper, and these findings present no clear error justifying relief under the final provision of Rule 60(b) afford redress for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under that subdivision should be granted only "sparingly" and in "extraordinary circumstances" to correct an erroneous judgment. See *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017). No such circumstance is present here. Plaintiff's Motion to Alter or Amend Judgment accordingly fails." [ECF 161, at 3:27-4:5]

**The appeal contends that the district judge denied procedural due process, substantive due process, and equal protection because "extraordinary circumstances" existed under Rule 60(b)(6) compelling an evidentiary hearing on the following additional grounds:**

> 1. First, the district judge violated Due Process and Equal Protection when he completely omitted any "factual determination" under Rule 36(a) against the government defendant regarding false and improper responses to over 200 requests for admissions that would self-execute against the defendant that would compel summary judgment in favor to plaintiff under Rule 56; [ECF 112-113; ECF 129, at 3:12-4:7, and ECF 159, Ex. C, at RT16:7-21, RT17:1-8];
>
> 2. The district judge failed to provide an evidentiary hearing to determine the truth on the government doctors and attorneys broadcast a malicious and false sworn declaration, signed under the penalty of perjury, that falsely accused this disabled veteran and plaintiff of being a child sex molester and constitutes a breach of the duty of patient-doctor confidentiality in violation of H.I.P.P.A. by knowingly [ECF 55-1, at ¶¶43-44, 47-48; ECF 57, ECF 58, ECF 105, at RT 2:22-3:21, RT 17:3-18:8, ECF 159, at Exhibits E & F];

REQUEST FOR AN ORDER TO FILE A SECOND NOTICE OF APPEAL
TO THE NINTH CIRCUIT ON ORDER ENTERED MAY 20, 2020 [ECF 125 TO ECF 161]

- 4 -

3. The district judge abused discretion in denying plaintiff's motion to relate this action with a concurrent Eastern District case, no. :15-cv-02448, *Gonzalez v Department of Real Estate, et al.* [ECF 55-1, at ¶¶43-44, 47-48; ECF 57, ECF 58, ECF 105, at RT 2:22-3:21, RT 17:3-18:8, ECF 159, at Exhibits E & F];

4. California-created stigma-plus harm from investigatory and prosecutorial misconduct and purposeful discrimination by the California Dental Board; ECF 55-1, at ¶¶43-44, 47-48; ECF 57, ECF 58, ECF 105, at RT 2:22-3:21, RT 17:3-18:8, ECF 159, at Exhibits E & F];

5. Lack of judicial impartiality due to the substantial inference based on circumstantial evidence that a personal conflict exists between the district judge and state judge Vance R. Raye constituting good cause for recusal and/or transfer to a different district judge based on purposeful discrimination against a disabled veteran who cannot otherwise obtain a fair trial;

6. Any other and additional grounds for bringing the appeal.

DATED: June 17, 2020                                    Respectfully submitted,


                                                       By: _____
                                                           Daniel Gonzalez
                                                           Pro Se